558 So.2d 1349 (1990)
STATE of Louisiana
v.
Lee E. MILLER.
No. 88-KA-1868.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1990.
*1350 Harry F. Connick, Dist. Atty. of Orleans Parish, Janet Ahern, Asst. Dist. Atty., Michele Smith, Asst. Dist. Atty., New Orleans, for State.
Patrick A. Talley, Sherri B. Manuel, Orleans Indigent Defender Program, New Orleans, for defendant.
Before LOBRANO, PLOTKIN and BECKER, JJ.
PLOTKIN, Judge.
Lee Miller was charged by bill of information with simple kidnapping, a violation of La.R.S. 14:45. Defendant pled not guilty and was tried by a jury which found him guilty as charged. Defendant was sentenced to five years at hard labor. He filed a motion for appeal. He subsequently pled guilty to a multiple bill and was resentenced to ten years at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant had previously been tried by a jury on a charge of attempted aggravated rape based upon the same incident which gave rise to the instant case. That jury acquitted Miller of the charge of attempted aggravated rape.
On March 27, 1986, a twelve year old boy, Tracy Hawthorne, testified that he was walking down the street. The defendant, Lee Miller, grabbed him and accused Tracy of stealing his tools. Tracy said that Miller grabbed him by the waist and neck, told him to be quiet, and took him to an abandoned house. There, according to Tracy, Miller made the boy take off his pants and attempted to rape him.
Miller testified that Tracy had stolen his tools and keys and that, on the day in question, he followed Tracy in order to recover his property. He stated that Tracy led him into the abandoned building, where he was set upon by several other children. He admitted threatening to whip Tracy's bottom and that he grabbed Tracy by his pants, which came off when Tracy ran away.
On appeal, Miller raises the issues that the second prosecution for an offense arising out of the same transaction as in the prior trial should be barred by the constitutional protection against double jeopardy, that the state should have been estopped from introducing evidence of the attempted rape offense of which he had been acquitted, and that such evidence when introduced was prejudicial and deprived the defendant of a fair and impartial trial. Miller also contends on appeal that the trial court erred in overruling his objection to the improper impeachment of a witness, and by admitting into evidence bills of information and minute entries documenting his prior convictions.
The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In Louisiana, double jeopardy is forbidden by the Constitution, Art. 1, § 15, and by the Code of Criminal Procedure. La.C.Cr.P. art. 591. Double jeopardy exists in a second trial when the charge is identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, or is based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial. La.C. *1351 Cr.P. art. 596. In Louisiana, courts apply the "same evidence" test to determine whether the conduct which formed the basis for the first charge was the same conduct proved at the trial on the second charge. State v. Vaughn, 431 So.2d 763, 767 (La.1983).
The U.S. Supreme Court has recently held that evidence of a crime of which the defendant has previously been acquitted may be introduced in the trial of that defendant on a second charge when it does not determine an ultimate issue in the second trial without violating the constitutional protection against double jeopardy. Dowling v. U.S., ___ U.S. ___, 342, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990). The introduction of the rape evidence in the instant case does not therefore constitute double jeopardy.
For a court to be collaterally estopped from introducing evidence of the crime for which the defendant was previously acquitted, the defendant has the burden of showing that the issue he wishes to foreclose in the second trial was actually decided in the first trial. Dowling, supra, 110 S.Ct. at 673. The defense has not met its burden of proving this. Had the State elected to proceed only under paragraph two of the simple kidnapping statute, collateral estoppel would have applied. That paragraph requires the State to prove an "unlawful purpose" of the kidnapping, which would have been attempted forcible rape. This issue was decided in the first trial. La.R.S. 14:45(A)(2). However, the State elected to proceed under both paragraphs one and two. Paragraph one only necessitates the proof of an intentional and forcible seizing and carrying away of any person from one place to another without his or her consent. La.R.S. 14:45(A)(1). Therefore if Miller was convicted of simple kidnapping under paragraph one, aggravated rape does not constitute any element of the crime and collateral estoppel does not apply.
The third contention on appeal is that the introduction of the rape evidence was unconstitutional because it violated the due process guarantee of fundamental fairness. "Due process of law requires fundamental fairness, i.e., a fair trial in a fair tribunal." State v. Simpson, 551 So.2d 1303, 1304 (La.1989) (per curiam).
"The law `attaches particular significance to an acquittal.'" U.S. v. DiFrancesco, 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980), quoting U.S. v. Scott, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978). The U.S. Supreme Court found that the introduction of evidence of a crime of which the defendant was previously acquitted may prejudice a jury. Dowling, supra, 110 S.Ct. at 674. In that case the court held that the introduction of such evidence was not fundamentally unfair because the judge had specifically instructed the jury both after the witness testified and in his final charge to the jury that the defendant had been acquitted of the other crime and that the evidence of the other crime could only be considered for a very limited purpose. Id. at 671, 674. In the instant case the record does not show that the judge ever informed the jury that Miller had been acquitted of attempted aggravated rape or that he explicitly limited the purpose for which the rape evidence might be considered. Thus the introduction of the rape evidence in the instant case without proper instruction was fundamentally unfair, such that it violates the "`fundamental conceptions of justice which lie at the basis of our civil and political institutions,' Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791 (1935), and which define `the community's sense of fair play and decency.' Rochin v. California, 342 U.S. 165, 173, 72 S.Ct. 205, 210, 96 L.Ed. 183 (1952)." U.S. v. Lovasco, 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977).
Miller also raised the issue whether the state properly impeached a defense witness, Martha Hagans. The impeaching party must lay a foundation, calling the witness' attention to the time, place and circumstances in which the statement was *1352 made. La.R.S. 15:493. The transcript shows that the witness clearly recalled the time, location, and circumstances of her prior inconsistent statement. Thus this does not constitute reversible error. State v. Heard, 408 So.2d 1247, 1250 (La.1982).
Finally Miller contends that it was error to introduce certified copies of his prior convictions into evidence. The credibility of a witness may be impeached by evidence. La.R.S. 15:495 (repealed January 1, 1989). Miller was asked about other convictions on the stand but, as to some of the convictions, gave answers which were not clear admissions. Therefore the purpose of introducing the certified copies was still impeachment and admission was proper.
Since the introduction of the evidence of attempted aggravated rape into Miller's trial on the charge of simple kidnapping was fundamentally unfair, Miller's conviction and sentence are reversed and remanded for a new trial.
REVERSED AND REMANDED.
LOBRANO, Judge, concurring.
I concur in the majority result. Defendant's simple kidnapping trial is not barred by a double jeopardy plea based on his acquittal of the attempted aggravated rape charge. The elements needed to prove simple kidnapping will not support a conviction of attempted aggravated rape, and vice-versa.
However, I do agree that evidence of the crime of attempted rape, for which the defendant was acquitted, should not have been allowed in the simple kidnapping trial. That evidence was totally irrelevant and highly prejudicial. The state should retry the defendant without introducing that evidence.