# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1747

**STATE OF LOUISIANA**

**VERSUS**

**CHARLES BROWN, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 01-389
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN B. SCOFIELD**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion and John B. Scofield[*], Judges.

**CONVICTIONS AND SENTENCES ANNULLED AND SET ASIDE;
CASE REMANDED FOR A NEW TRIAL.**

**Sherry Watters**
**Louisiana Appellate Project**
**P. O. Box 58769**
**New Orleans, LA 70518-8769**
**Counsel for Defendant/Appellant:**
        **Charles Brown, Jr.**

**Hon. J. Phillip Haney, District Attorney**
**Walter J. Senette, Jr., Asst. District Attorney**
**P. O. Box 1008**
**Franklin, LA 70538**
**Counsel for Appellee:**
        **State of Louisiana**

---

[*]Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

SCOFIELD, Judge[1].

Charles Nicolas Brown was charged by bill of information with attempted forcible rape in violation of La.R.S. 14:42.1 and 14:27, and aggravated burglary in violation of La.R.S. 14:60. The alleged offenses occurred on March 3, 2001. Defendant was found guilty as charged by a jury on June 18, 2003. Thereafter, on June 26, 2003, the State filed a habitual offender bill alleging Defendant was a second felony offender. Thereafter, on July 9, 2003, Defendant, after admitting he was a second felony offender and waiving all applicable delays, was sentenced to twenty-five years on the conviction for aggravated burglary, second offense, and fifteen years on the conviction for attempted forcible rape, with credit for time served. The sentences were ordered to be served concurrently with each other, but consecutively to any other sentence the Defendant may have been serving at the time.

Defendant now appeals the convictions. He alleges that the trial court erred when it did not recuse itself on Defendant's motion; that the ad hoc judge erred in denying that motion; that the trial court erred when it admitted evidence of a prior conviction, the statement of facts relative to the prior conviction and when it failed to give a limiting jury instruction in connection with the admission of the prior conviction; that Defendant was subjected to a double jeopardy violation; and that there was insufficient evidence to support the convictions. Defendant also raises the issues of whether his right to a speedy trial was violated and whether the State was incorrectly relieved of the burden of proof of intent on the aggravated burglary charge.

**FACTS:**

---

[1]Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

1

On March 3, 2001, between three and five o'clock in the morning, Defendant entered the home of C. and R. F., without permission, and attempted to have sexual intercourse with the eleven-year-old victim, D.T.

Because we find merit in Defendant's Assignments of Error numbers one and two, we will address those errors first.

## ASSIGNMENT OF ERROR NUMBER 1:

In this assignment of error, the Defendant asserts the trial court should have recused itself upon Defendant's motion to recuse. Defendant asserts the trial judge, the Honorable Keith Comeaux, was his defense attorney when the Defendant pled guilty to a charge of attempted forcible rape in 1987. Louisiana Code of Criminal Procedure Article 671, grounds for recusation of judge, in pertinent part, holds:

> A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
>
> . . . .
>
> (3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
>
> . . . .
>
> (6) Would be unable, for any other reason, to conduct a fair and impartial trial.

In *State v. Williams*, 00-11, p. 11 (La.App. 4 Cir. 5/9/01), 788 So.2d 515, 525, the fourth circuit discussed the recusal of a trial judge as follows:

> These grounds [Article 671] are exclusive, not illustrative. *In re Lemoine*, 96-0-2116, pp. 10-11 (La.1/14/97), 686 So.2d 837, 843, *on rehearing* 96-0-2116 (La.4/4/97), 692 So.2d 358. The party desiring to recuse a trial judge shall file a written motion assigning the ground for recusation. La.C.Cr.P. art. 674. If a valid ground for recusation is set forth in the motion for recusation, the judge shall either recuse himself, or, in a court having two or more judges, as is the case in the instant matter, refer the motion to another judge of that court. La.C.Cr.P. art.

2

674; 675. A trial court has discretion to determine if there is a valid ground for recusation set forth in the motion. *State v. Williams*, 96-1587, p. 5 (La.App. 4 Cir. 4/16/97), 693 So.2d 249, 252.

Defendant filed a motion to recuse on the morning trial was to begin based on paragraphs (3) and (6) of La.Code Crim.P. art. 671. The Honorable Gerard Wattigny presided over the hearing on the motion. The Defendant testified that Judge Comeaux represented him when he pled guilty to attempted forcible rape in 1987. In response to the motion, the State offered a certified copy of the record from Defendant's previous file, docket number 41,576, wherein he pled guilty to the charge of attempted forcible rape in 1987, which indicated that the attorney representing him at the plea hearing was Bill Collins. Defense counsel noted to the court that he had reviewed the transcript of the guilty plea and sentencing with the Defendant and stated:

> The record does indicate Mr. Collins was his attorney. The file folder, Your Honor, has Keith Comeaux's name on it: Attorney for defendant, Keith Comeaux, it's dated 9/9/87, and below it Bill Collins, 12/10/87. 12/10/87 was the date he pled guilty and was sentenced.

At the recusal hearing, Brown's testimony regarding Judge Comeaux's role in Brown's prior conviction was hardly a model of clarity. Part of that seems to be due to Brown's misunderstanding questions posed to him. For instance, he didn't know what was meant by the question "In what capacity did he [Judge Comeaux] represent you?". Brown did say, however, that Judge Comeaux was his lawyer when he pled guilty and when he was sentenced and that Judge Comeaux was the only one (lawyer) with whom he had talked. Brown stated that the reason he wanted Judge Comeaux recused was because Judge Comeaux did not look out for his best interests back in 71987 and , therefore, Brown believed Judge Comeaux was not going to make sure he got a fair trial on the current charges.

3

The Defendant further argues that Judge Comeaux admitted he represented the Defendant at the guilty plea hearing on the 1987 conviction and that since the prior conviction was allowed to be admitted into evidence at the current trial, the trial judge was "'employed as an attorney in the cause' and a potential witness. It was mandatory that he be recused on the defendant's motion."

We note that on March 27, 2003, three months prior to trial, at a hearing conducted on Defendant's motion to represent himself, the following exchange took place while the trial court was questioning the Defendant as to his ability to represent himself:

> THE COURT: I was a defense lawyer once. I think I represented you at one time, didn't I?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Let me ask you this. I didn't [sic] tell you the truth all the time?
>
> THE DEFENDANT: I understand.
>
> THE COURT: I told you things that sometimes would hurt you, and you didn't want to hear it, correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Sometimes you have to be honest with clients. Sometimes whatever it may be, if its taking a deal or telling you a witness is not going to testify a certain way, that may be in your interests even though its not something you want to hear. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
> . . . .
>
> THE COURT: When I represented you and you pled guilty, did you talk to your momma and your family about that?
>
> THE DEFENDANT: No, sir.

4

At the hearing on Defendant's motion to recuse Judge Comeaux, the Defendant did not apprise Judge Wattigny of Judge Comeaux's acknowledgment of his prior representation of Defendant. Furthermore, the Defendant failed to inform Judge Wattigny of the fact that the 1987 conviction was to be offered at the current trial, although, in December 2002, the State had filed a notice of intent to use the prior conviction.

It is well-settled jurisprudence that Article 671(A)(3) is to be strictly interpreted. *State v. Lemelle,* 353 So.2d 1312 (La.1977); *State v. Williams,* 00-11(La.App. 4 Cir. 5/9/01), 788 So.2d 515. In *Lemelle*, where the trial judge had represented a co-defendant in the case, but claimed to have no independent recollection of the representation, the Louisiana Supreme Court held:

> That section, when read with the mandatory "shall" used in the opening paragraph of article 671, requires recusal upon the mere showing of employment in the case. There is no reference to whether that employment was of such consequence as to prejudice the judge, nor is there any requirement that the defendant show actual prejudice. The article simply and clearly states that the trial judge shall be recused when he has been employed as an attorney in the cause. The legislature, by providing for a mandatory recusal in this situation, has apparently concluded that the appearance of impartiality, as well as impartiality itself, outweighs the inconvenience caused by the recusal of the trial judge.

*Id*. at 1314. The supreme court found that the trial judge should have been recused because of his prior representation of a defendant jointly charged with the same offense.

In *Williams*, the fourth circuit held that for the purpose of Article 671(A)(3), "assistant district attorneys operating under one district attorney are associated with each other." The trial judge was a former associate of the prosecuting attorney. The fourth circuit stated:

5

Accordingly, just as in *Lemelle*, Judge Buras should have recused herself upon the timely filed May 24, 1999, written motion of defendant. Although, Judge Buras stated for the record that she had no recollection of defendant or his case, and there is no suggestion of any bias, prejudice or personal interest on her part, those factors are irrelevant for purposes of a motion to recuse based on La.C.Cr.P. art. 671(A)(3).

*Id.* at 526.

In *Lemelle* and *Williams*, the trial judges either represented a co-defendant in the case, or were, at one time, employed as a district attorney and worked with the prosecutor in the case. These cases are somewhat distinguishable from the present case in that Judge Comeaux is alleged to have represented the Defendant in an entirely different matter. However, as noted, the Defendant asserts that Judge Comeaux should have been recused because he represented him in a former case which resulted in the conviction presented as other crimes evidence in the current trial. As trial judge, he was required to rule on the admissibility of the prior conviction. Defendant argues that, under those circumstances, the admission of the prior conviction is the equivalent to being "employed or consulted as an attorney in the cause." La.Code Crim.P. art. 671(A)(3). After an exhaustive search, we have found no jurisprudence on the precise issue raised in the instant case, i.e., where the trial judge represented a defendant in a prior conviction and then ruled on the admissibility of the conviction as other crimes evidence.

As noted above, none of the information regarding Judge Comeaux's acknowledgment that he represented the Defendant in the former case in which Defendant pled guilty to the charge of attempted forcible rape, or the fact that the plea was to be offered by the State as other crimes evidence, was submitted for the ad hoc judge's consideration. Had that information been presented to Judge Wattigny, he may have reached a different decision.

6

We find merit to Defendant's assignment of error. We find that Judge Comeaux should have been recused and that Judge Wattigny erred when he did not find grounds for recusal, pursuant to La.Code Crim.P. art. 671(A)(3). However, La.Code Crim.P. art. 921 states that "[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." See also, *State v. Wille*, 595 So.2d 1149 (La.1992).

In *Williams,* 788 So.2d 515, the fourth circuit, while considering whether harm resulted from the failure of the trial judge to be recused, stated:

> Defendant's argument herein is based on article 671(A)(3), which concerns merely the appearance of impartiality. There is no evidence that this defendant suffered any prejudice as a result of Judge Buras' failure to recuse herself. Unlike in *Lemelle*, wherein the judge represented the codefendant in the same cause he later presided over with the defendant, there is no evidence that Judge Buras had any personal involvement in defendant's cause. Although Judge Buras coincidentally was employed with the district attorney's office at the time the office was prosecuting defendant, she stated that she had no recollection of defendant or his case prior to assuming the bench.

*Id.* at 527. The fourth circuit found that the failure to recuse Judge Buras constituted harmless error. The court noted that the judge did not rule on Williams' motion to suppress the evidence, or any matter important to Williams' guilt or innocence. "There was no indication that defendant would have faired better had Judge Buras been recused. . . and a new judge appointed to accept defendant's guilty plea." *Id.* at 527. The trial judge's representation of the Defendant in the prior conviction, standing alone, perhaps would not be grounds for recusal; however, this prior conviction

becomes a problem which takes on elevated prominence in the context of this case when that conviction became a significant piece of evidence in the case at hand.[2]

As will be discussed in more detail hereinafter, the problem is escalated by the failure of the judge to give a limiting statement in the context of the prior conviction being offered into evidence. It is further exacerbated because there is nothing in the record showing that during the recusal hearing, Judge Wattigny was informed that the 1987 conviction was going to be used as evidence in the case at hand. As will be discussed further below, we find the failure to recuse Judge Comeaux was not harmless error and did affect substantial rights of the accused.

That brings us to the Defendant's second assignment of error.

## ASSIGNMENT OF ERROR NUMBER 2:

Defendant alleges that he was convicted of the current offenses not on the evidence or facts of the case, but because of his prior criminal history. The State submitted documents into evidence of the Defendant's 1987 conviction for attempted forcible rape pursuant to La.Code Evid. art. 412.2, which provides:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another sexual offense may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

> B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.

> C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.

---

[2] If for no other reason, this evidence is significant because of the paucity of other evidence against the Defendant. There was no physical evidence implicating the Defendant, no DNA evidence, and no medical evidence supporting the claim of sexual contact. The testimony of the young victim was hardly iron-clad.

8

Defendant asserts the trial court erred when it allowed the admission of this evidence because its probative value was outweighed by its prejudicial effect, especially since no limiting statement was given. Louisiana Code of Evidence Article 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.

The Defendant argues that:

> [w]here Art.412.2 is used, there must be other protections provided to avoid Constitutional violations. The trial court herein failed to take those precautions and erred in allowing the State to use L.S.A.-C.E. Art. 412.2 [sic] in three respects:

> First, use of the documents of the conviction and allowing the State to read a statement of facts denied Charles Brown Jr. the opportunity to confront and cross examine the circumstances surrounding that conviction and alleged facts. Second, since the Article allows that the prior conviction "may be considered for its bearing on any matter to which it is relevant", it was error for the trial court to refuse to instruct the jury as to limitations on the use and purpose of the evidence. Third, where the State's evidence was wholly lacking in this case and the two cases were not factually similar, the prejudicial effect of admitting Charles Brown Jr.'s prior conviction for forcible rape, far outweighed its probative value. The prior conviction was not relevant and had no legitimate purpose in the trial except to prejudice Charles Brown Jr. The State's use of the documents and the impossible to contest statement of facts, denied Charles Brown Jr. a fair trial and due process of law.

On the day of trial, out of the hearing of the jury, the Defendant stipulated that he had pled guilty to attempted forcible rape, but objected to the introduction of the factual basis of the guilty plea being read to the jury and requested that the trial court read a limiting instruction to the jury regarding the use of the evidence of the prior conviction. The trial court denied Defendant's request, stating:

> I'm going to allow this particular factual basis to be read in lieu of witnesses being called to prove these particular facts. Additionally, I am not going to give the limiting instruction because I don't think it's

9

required by 412.2 and, particularly, the case of State of Louisiana versus Williams, 830 So.2d 984, in which the Supreme Court of Louisiana indicated that no limiting instruction is required.

The following day, prior to the jury entering the courtroom, the Defendant again objected to the use of the 1987 conviction. The trial court asked the State for what purpose it intended to use the evidence. The State responded, "To show intent." Defendant argued that because the facts of the prior conviction do not correspond with the facts of the current charge, the State's introduction of the conviction would be outweighed by the prejudicial effect under Article 403. After reviewing the statement of facts, the trial court ruled that "it's a very similar crime other than the fact that the victim is a different age, Mr. Colwart. I'm going to find that the probative value outweighs the prejudicial effect under a balancing act of 403. The Court will admit the evidence." The Defendant again asked the trial court to instruct the jury regarding the limited use of the evidence, and again the trial court denied Defendant's request.

The factual basis of the 1987 conviction read to the jury was as follows:

The stipulation is that on or about December 10, 1987, in Docket #41,576, Mr. Charles Nicholas Brown, Jr. pled guilty to attempted forcible rape under the factual basis by Mr. Lee, Your Honor. The State's evidence will indicate that on the date shown on the bill of information, Mr. Brown came across Ms. Blanchard outside her home when she was watering plants. He forced her into her apartment where he attempted to engage in sexual intercourse, but was not successful after failing sexual intercourse. During the course of the attempted rape, he committed battery on Ms. Blanchard, resulting in numerous bruises about the face and body.

The Defendant argues that La.Code Evid. art. 412.2 does not provide what "evidence" can be used to prove the prior conviction, and asserts that the documentation and statement of facts introduced to prove Defendant's prior conviction were impermissible hearsay statements. Defendant cites nothing to support his contention that a recitation of the facts underlying the plea of guilty to attempted

10

forcible rape was hearsay, and in an exhaustive search, we found nothing to indicate whether or not a statement of facts admitted at the time of a guilty plea would be hearsay evidence in this situation. Thus, we disagree with Defendant's argument that this evidence is barred by the hearsay rule.

However, Defendant also argues that a reading of the facts of the prior statement denied him the opportunity to confront the prior victim, "to determine whether past and present allegations were sufficiently similar to make earlier allegations relevant in the subsequent proceedings." Defendant cites *State v. Cotton*, 00-850 (La. 1/29/01), 778 So.2d 569, wherein the supreme court affirmed the trial court's ruling denying the state's request to admit as evidence a prior acquittal on charges for similar offenses, finding that "[t]he State made no showing that the defendant's prior conduct is in any way similar to the conduct on which the current charges are based." *Id.* at 579. Cotton had been charged with molestation of a juvenile and oral sexual battery. The issue was the admission of an acquittal as other crimes evidence pursuant to Article 404(B) and whether the state had shown that the evidence of the acquittal had any probative value. The state offered transcripts of the prior prosecution, but the supreme court ruled that the state failed to show how Cotton's prior conduct was similar to the conduct on which the current charge was based. Defendant argues that *Cotton* teaches that if there was not detailed evidence of the past offense for comparison with the present offense, then the past offense is prejudicial under Article 403. We are not completely convinced by this argument.

However, we note the dissimilarities between the Defendant's conduct in the two cases. In the case at bar, the Defendant sneaked into an apparently unlocked house, in the dead of night, and attempted to take advantage of an eleven-year-old girl. In the former case, the Defendant accosted a grown woman in her front yard in broad

11

daylight and, when he was unable to engage in sexual intercourse with her, battered her about her face and body. We also note the events were separated in time by seventeen years. The only similarity in the two attacks was that each had sexual connotations, albeit neither involved a completed sexual act.

The gist of Defendant's argument in this respect is that the admission of the statement of facts had no other effect but to show he was of bad character and that the State needed the evidence to prove the current charge of attempted forcible rape because it had no other sufficient evidence. He also argues that since there was so little similarity between the facts of the two offenses, the admission of the statement was nothing more than an attempt to prejudice the jury against him. As noted above, the State's alleged purpose for introducing the prior conviction was to show intent, since attempted forcible rape is a specific intent crime. The State had to show that the Defendant acted with specific intent to arouse or gratify his own sexual desires or that of his victim. *See State v. Miller*, 98-301 (La. 9/9/98), 718 So.2d 960.

The purpose of the newly enacted Article 412.2 was discussed by the Louisiana Supreme Court at length in *State v. Williams*, 02-1030 (La. 10/15/02), 830 So.2d 984. The issue in *Williams*, however, was whether for the purpose of Article 412.2, a hearing was required by *State v. Prieur*, 277 So.2d 126 (La.1973). Historically, evidence of prior bad acts (propensity evidence) were inadmissible to show that the accused more than likely acted in conformity therewith. The *Williams* court found as follows:

> The transcript of the committee hearing reveals that Act 1130 was prompted primarily by two decisions of this Court, *State v. McArthur*, 97-2918 (La.10/20/98), 719 So.2d 1037, and *State v. Kennedy*, 2000-1554 (La.4/3/01), 803 So.2d 916. Both cases involved prosecutions for aggravated rape in which the state sought to introduce evidence of other sexual offenses committed by the defendants pursuant to what the state labeled a "lustful disposition" exception to other crimes evidence.

12

In both cases, this Court refused to recognize the so-called "lustful disposition" exception to Article 404's other crimes prohibition, but, in doing so, noted that the evidence sought to be introduced would be admissible if Louisiana had a rule similar to Federal Rule of Evidence 413. The enactment of Article 412.2 was apparently the legislature's response to this Court's statements in *McArthur* and *Kennedy* as the language of Article 412.2 closely follows that of Federal Rule of Evidence 413. However, one distinction exists between the federal rule and the Louisiana rule. Federal Rule of Evidence 413 provides that the "defendant's commission of another offense or offenses of sexual assault **is admissible**, and may be considered for its bearing on any matter to which it is relevant." Conversely, Louisiana's counterpart, Article 412.2 provides that the evidence "**may be admissible** ... subject to the balancing test provided in Article 403." Although the legislature opted not to make the evidence automatically admissible, it nonetheless determined evidence of past sexual behavior of an accused should not be totally foreclosed to the state. Prior to Article 412.2, evidence pertaining to other crimes in sexual assault could only be admitted under the limited exceptions of 404(B). The committee minutes indicate the senators were concerned with the defendant's right not to be ambushed with evidence of prior sexually deviant behavior, but were even more concerned regarding the increase in sexual assaults on minors. In an attempt to balance the latter concerns, the committee inserted language into the final draft of the bill, which is in the current statute, requiring the state to provide "reasonable notice" to the defendant regarding the information to be introduced. The committee elected to insert this notice requirement, but did not insert a requirement that a hearing be held. La.Code Evid. art. 412.2 does not contain any language requiring a hearing. The only requirement contained within the statute is that the evidence be deemed admissible pursuant to La.Code Evid. art. 403. As we stated in *McArthur* and reiterated in *Kennedy*, we desist from the "exhortation to legislate when our legislature has chosen to leave the law as written."

*Id.* at 988-89. (Footnotes omitted; emphasis as found in the original.)

There can be no question that the evidence of Brown's prior conviction was prejudicial. The test is whether its probative value outweighs its prejudicial effect. The victim in the present case was an eleven-year-old girl. She was the type of victim the legislature sought to protect when it lowered the standard set by La.Code. Evid. art. 404(B) by enacting the separate and distinct Article 412.2. However, even the

13

lower standard set by La.Code. Evid. art. 412.2 subjects the evidence sought to be admitted to the balancing test provided in Article 403.

In *State v. Schleve*, 99-3019, pp. 13-14 (La.App. 1 Cir. 12/20/00), 775 So.2d 1187, 1197-98, *writs denied*, 01-210, 01-113 (La.12/14/01), 803 So.2d 983, 804 So.2d 647, *cert. denied*, 537 U.S. 854, 123 S.Ct. 211(2002)(footnotes omitted)(emphasis ours) our colleagues of the first circuit stated:

> Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. *State v. Parker*, 625 So.2d 1364, 1371 (La.App. 1st Cir. 1993), *writ denied*, 93-2832 (La.2/25/94), 632 So.2d 761. However, there are statutory and jurisprudential exceptions to this rule. *State v. Jackson*, 625 So.2d 146, 148 (La.1993). For example. La. C.E. art. 404B(1) provides, in pertinent part:
>
> > Except as provided in Article 412 [addressing the victim's past sexual behavior in sexual assault cases], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, ....
>
> Additionally, several other statutory and jurisprudential rules also play a role in determining the admissibility of such evidence. First, one of the factors listed in Article 404(B) "must be at issue, have some independent relevance, or be an element of the crime charged in order for the evidence to be admissible." *Jackson*, 625 So.2d at 149. Second, the state must prove by a preponderance of the evidence that the defendant committed the similar act. *See Huddleston v. United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). Third, even if independently relevant, the evidence may be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403; *State v. Miller*, 98-0301 (La.9/9/98), 718 So.2d 960, 962. Finally, *the state must comply with the notice requirements and limiting instructions* set out in *State v. Prieur*, 277 So.2d 126 (La.1973). Thereunder, the state must,

14

within a reasonable time before trial, provide written notice of its intent to use other acts or crimes evidence and describe these acts in sufficient detail. *The state must show the evidence* is neither repetitive nor cumulative, and *is not being introduced to show the defendant is of bad character. Miller*, 98-0301, 718 So.2d at 962.

"[R]elevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." La.Code. Evid. art. 403. Unlike *State v. Olivieri*, 03-563 (La.App. 5 Cir. 10/28/03), 860 So.2d 207, here the record indicates the jury was confused and the evidence may have been presented in such a manner so as to cause confusion when the facts of the 1987 conviction were read to the jury just prior to the victim's testimony. During deliberations, the jury sent two communications to the trial court. In the first note, the jury asked if they could hear the tape or have a transcript of the victim's testimony. The second note asked if "we have 4 voting one way and 8 another–does that result in a hung jury? Must we have 10 people reach an agreement on a verdict?" The trial court advised the jury that testimony could not be repeated for them and sent them back to continue deliberations. The jury voted ten to two to convict.

The determination of the admissibility of Defendant's prior conviction is a very close call and turns upon the extent and quality of the trial court's limiting instruction to the jury. No such limiting instruction was given. The State argues that Defendant did not request such an instruction. However, the record is clear that such a request was made twice by the Defendant. The trial court denied the request, saying no such instruction was required by *Williams*.

This statement is erroneous in that the supreme court did not indicate in *Williams* that a limiting instruction was *not* required. Rather, in *Williams*, the sole issue was whether Article 412.2 required a *Prieur* hearing. Additionally, we have not

15

found anything subsequent to *Williams* regarding the application of Article 412.2 to indicate a limiting instruction to the jury was not required upon proper request by the defense pursuant to La.Code Evid. art. 105. As noted above, Article 105 (emphasis ours) provides that when evidence which is admissible as to one purpose, but not to another purpose, is admitted, upon request, the trial court "*shall* restrict the evidence to its proper scope and instruct the jury accordingly."

We find merit in the Defendant's contention that the trial court erred when it refused to give a limiting instruction upon his request as to the use and purpose of Defendant's 1987 conviction.

In *State v. Green,* 493 So.2d 588 (La.1986), wherein the trial court failed to provide a limiting instruction as to Green's prior convictions, the supreme court found a substantial and constitutionally intolerable potential for prejudice despite counsel's failure to object or request said instructions. Green was charged with a violation of La.R.S. 14:67(4), which is a recidivist statute. The supreme court stated:

> The United States Supreme Court recognized that prior crime evidence has a potentiality for prejudice and is usually excluded except when it is particularly probative in showing such things as intent, a system of criminal activity, or when the defendant has raised the issue of his character, or when the defendant has testified and the state seeks to impeach his credibility. [*Spencer v.*] *Texas,* 385 U.S. [554] at 560-62, 87 S.Ct. [648] at 651-53. But, the court noted that, in all these situations, the conceded possibility of prejudice is believed to be outweighed by the validity of the state's purpose in permitting introduction of the evidence, and that the defendant's interests are believed to be protected by limiting instructions and by the trial judge's discretion to limit or forbid the admission of particularly prejudicial evidence even through admissible under an accepted rule of evidence. *Id.* at 561, 87 S.Ct. at 652.

*Id.* at 591.

In *State v. Miller*, 558 So.2d 1349 (La.App. 4 Cir. 1990), the accused was originally tried for attempted aggravated rape. Miller was acquitted on that charge, but recharged with simple kidnaping. The State was allowed to use the prior acquittal

16

during the second trial. The defendant appealed the conviction, alleging a double jeopardy violation. The fourth circuit found no double jeopardy violation but found that without the proper limiting instructions to the jury, the "introduction of the rape evidence was unconstitutional because it violated the due process guarantee of fundamental fairness." *Id.* at 1351. The fourth circuit stated:

> The U.S. Supreme Court found that the introduction of evidence of a crime of which the defendant was previously acquitted may prejudice a jury. *Dowling* [*v.United States,* 493 U.S. 342,] 110 S.Ct. [668] 674. In that case the court held that the introduction of such evidence was not fundamentally unfair because the judge had specifically instructed the jury both after the witness testified and in his final charge to the jury that the defendant had been acquitted of the other crime and that the evidence of the other crime could only be considered for a very limited purpose. *Id.* at 671, 674. In the instant case the record does not show that the judge ever informed the jury that Miller had been acquitted of attempted aggravated rape or that he explicitly limited the purpose for which the rape evidence might be considered. Thus the introduction of the rape evidence in the instant case without proper instruction was fundamentally unfair, such that it violates the "'fundamental conceptions of justice which lie at the basis of our civil and political institutions,' *Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791(1935), and which define 'the community's sense of fair play and decency.' *Rochin v. California,* 342 U.S. 165, 173, 72 S.Ct. 205, 210, 96 L.Ed. 183 (1952)."

*Id.* at 1351[3].

In *State v. Pollard,* 98-1373 (La.App. 4 Cir. 2/9/00), 760 So.2d 362, Pollard contended that the trial court erred in admitting other crimes evidence. The fourth circuit agreed. The fourth circuit found that the introduction of an unadjudicated aggravated rape dwarfed the facts of the forcible rape for which Pollard was on trial. The fourth circuit noted further that the trial court did not give limiting instructions as to the use and purpose of the evidence following the testimony, or at close of trial.

---

[3] *Miller* was amended and affirmed by the supreme court in *State v. Miller,* 90-0673 (La.12/3/09), 571 So.2d 603, after the supreme court found there was a double jeopardy violation. In a footnote, the supreme court said: "Because we find the defendant's double jeopardy right has been violated, we need not address the Court of Appeal's ruling that the introduction of the evidence of the attempted rape was fundamentally unfair." *Id.* at 608.

The court stated: "We find these omissions to be error," and reversed Pollard's conviction. *Id.* at 368.

The supreme court in *Williams* noted that the legislative committee minutes indicated the senators were still concerned about the defendant's rights regarding other crimes evidence, thus they included the requirement that upon request the state should provide reasonable notice of the use of the other crimes evidence. We find that in enacting Article 412.2, the Legislature did not intend to abrogate La.Code Evid. art. 105, which provides when evidence is admitted that may be used for one purpose, but not another, upon request, there "shall" be a limiting instruction as to its use and purpose. A limiting instruction would also comply with the mandate of Article 403, in avoiding unfair prejudice, confusion of issues, or misleading the jury.

We find the trial court erred when it refused to give a limiting instruction. We must consider now whether the error was such that it caused substantial harm to the Defendant.

In *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, the trial court erroneously admitted other crimes evidence introduced by the State to attack the credibility of the defendant under La.Code Evid. art. 609.1. In *Johnson*, the supreme court overruled several prior cases and held "that the introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis." *Id.* at 102.

Furthermore in *Johnson*, the supreme court set forth an in-depth "harmless error" analysis:

> The Louisiana harmless error rule was first codified in 1928 with the enactment of former LSA-R.S. 15:557. This rule limited reversals to cases where the error complained of probably had a substantial effect upon the outcome of the trial. *Paul M. Hebert, The Problem of Reversible Error in Louisiana*, 6 Tul.L.Rev. 169, 199-200 (1932); *Dale*

18

*E. Bennett, The 1966 Code of Criminal Procedure*, 27 La.Law Rev. 175, 230 (1967). See also, La.C.Cr.P. art. 921, Official Revision Comment (c).

In 1966, LSA-R.S. 15:557 was amended and reenacted as La.C.Cr.P. art. 921. Article 921 now provides:

> A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.

The history of Louisiana's harmless error rule makes clear that there has been one common directive: appellate courts should not reverse convictions for errors unless the accused's substantial rights have been violated. This comports with the general theory that "appeals in criminal cases are not granted merely to test the correctness of the trial court's ruling, but only to rectify injuries caused thereby." *State v. Saia*, 212 La. 868, 876, 33 So.2d 665, 668 (1947), citing *State v. Cullens*, 168 La. 976, 123 So. 645, 648 (1929).

This Court adopted the federal test for harmless error announced in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), as a practical guide for determining whether substantial rights of the accused have been violated. *See State v. Gibson*, 391 So.2d 421 (La.1980). *Chapman* tests whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24; 87 S.Ct. at 828. An error did not "contribute" to the verdict when the erroneous trial feature is unimportant in relation to everything else the jury considered on the issue. *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991), overruled as to standard of review for erroneous jury instructions in *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

*Chapman* was refined in *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The *Sullivan* inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *Id.*, 508 U.S. at ----, 113 S.Ct. at 2081. This Court adopted the *Sullivan* refinement of *Chapman*. *See State v. Code*, 627 So.2d at 1384; *State v. Bourque*, 622 So.2d at 241 fn. 20.

In *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), a five-person majority of the United States Supreme Court distinguished between "trial errors," which may be reviewed for harmless error, and "structural errors," which defy analysis by harmless error standards.

> Trial error occurs during the presentation of the case to the trier of fact and may be quantitatively assessed in the context of the other evidence to determine whether its admission at trial is harmless beyond a reasonable doubt.

*Id.* at 100-01.

Applying the harmless error analysis discussed above to the present error, we find that the error was not harmless beyond a reasonable doubt. We find the notes from the jury during deliberations to be an indication that the evidence of the prior attempted rape confused the jury. The only evidence, other than the prior conviction, offered to the jury regarding Defendant's guilt or innocence was the somewhat inconsistent testimony of an eleven-year-old girl. Because the other crimes evidence was introduced without a limiting instruction, it cannot be ruled out that the jury found the Defendant guilty of the crime of attempted forcible rape because they decided that he was a bad man who had committed another attempted forcible rape in the past. Unlike *Olivieri*, 860 So.2d 207, wherein the fifth circuit determined there was "little chance the jury could confuse the facts of the two crimes," since the other crimes evidence "was presented in an orderly manner. . .at the end of the trial, clearly and succinctly through two witnesses," *Id.* at 219, the other crimes evidence in the instant case was introduced to the jury just prior to the victim's testimony. Without a qualifying instruction given to the jury[4] it cannot be said the jury did not confuse the facts of the two crimes.

---

[4]*Prieur* requires that, at the request of the defendant, the trial court give the jury a limiting instruction as to the limited purpose for the admission of the other crimes evidence, both prior to the admission of other crimes evidence and at the close of the trial. *See also State v. Maise*, 00-1158 (La. 1/15/02), 805 So.2d 1141.

In the case, sub judice, we have two errors, the second of which may not have been committed except for the first.

> The Louisiana Supreme Court has been " 'unwilling to say that the cumulative effect of assignments of error lacking in merit warrants reversal of a conviction or sentence.' " *State v. Hotoph*, 99-243, pp. 32-33 (La.App. 5th Cir.11/10/99), 750 So.2d 1036, 1055, *writs denied*, 99-3477 (La.6/30/00), 765 So.2d 1062 and 00-0150 (La.6/30/00), 765 So.2d 1066, quoting *State v. Strickland*, 94-0025, pp. 51-52 (La.11/1/96), 683 So.2d 218, 239. As stated by the Court in *Hotoph*, a defendant is not entitled to a perfect trial, only a fair one. *Hotoph*, 99-243 at 33, 750 So.2d at 1055.

*State v. Williams*, 03-942, p. 20 (La.App. 5 Cir. 1/27/04), 866 So.2d 1003, 1016. In this case, we have a different situation—two errors which at first appear harmless, but, which, upon close examination, prove not to be so. Not only was the Defendant's trial imperfect, but because of these errors, we find it was also unfair.

In sum, the trial court erred when it did not recuse itself and the judge ad hoc erred when he did not find grounds for recusal. Louisiana Code of Criminal Procedure art. 671(A)(3) requires that a trial judge be recused when he "has been employed or consulted as an attorney in the cause. . . ." Since the record establishes that the trial judge represented the Defendant on a 1987 charge of attempted forcible rape which resulted in a conviction, and that the 1987 conviction was admitted as other crimes evidence, the trial judge should have been recused. Additionally, the failure to recuse was not harmless error inasmuch as the trial judge was required to rule on the admissibility of that 1987 conviction.

Furthermore, the trial court erred when it refused to give the jury limiting instructions regarding the proper purpose and use of the other crimes evidence as requested by the Defendant. Moreover, although the error was a trial error, in that it occurred during the presentation of the case and therefore subject to a harmless error analysis, it cannot be ruled out that the jury convicted the Defendant of the present

21

offense because he had been convicted of committing the same offense in the past. Under the facts and circumstances of this case, the admission of the other crimes evidence without proper instructions limiting the use of that evidence was fundamentally unfair and violated Defendant's due process right to a fair trial. *State v. Green*, 493 So.2d 588 (La.1986).

## DISPOSITION:

Accordingly, Defendant's convictions and sentences are annulled and set aside, and the case remanded to the trial court for a new trial. Defendant's remaining assignments of error are moot.

**CONVICTIONS AND SENTENCES ANNULLED AND SET ASIDE; CASE REMANDED FOR A NEW TRIAL.**