LINDSAY, Judge.
This case involves the suspension of a driver’s license pursuant to LSA-R.S. 32:661, et seq. The Department of Public Safety, Driver’s License Division (“the Department”), filed this appeal complaining of the district court’s reversal of an administrative decision which upheld the Department’s suspension of the petitioner’s driving privileges. For the following reasons, we affirm the trial court judgment.
The petitioner, Terry Lee Cole, was arrested on July 28, 1984, for driving while intoxicated. He submitted to a chemical test by photo electric intoximeter (PEI), which registered a blood alcohol level of .10 percent or above by weight of alcohol in *1206 the blood. Consequently, the Department suspended the petitioner’s driver’s license for ninety days under the provisions of LSA-R.S. 32:667. The petitioner timely applied for an administrative hearing to review the order of suspension. The hearing was held on September 4, 1984. Following the hearing, the suspension was affirmed, effective September 15, 1984. On September 21, 1984, the petitioner filed a petition in the district court seeking judicial review of the administrative decision.
The district court reversed, and ordered that petitioner’s driver’s license be reinstated. The trial court found that the Department of Public Safety had failed to carry its burden of proof to show the basis for the blood alcohol test results of .10 percent or above by weight of alcohol in the blood. LSA-R.S. 32:668(A)(4). The trial court held that the Department failed to prove that it followed its own promulgated procedures and requirements for admission of the PEI test results as required by Mullens v. Department of Public Safety, Driv. Lic. D., 327 So.2d 492 (La.App.4th Cir.1976), writ denied 331 So.2d 851 (La.1976). The court held that, “The Department of Public Safety has the burden of proving that Terry Cole submitted to an approved chemical test and that the test resulted in a blood alcohol reading of .10% or above by weight of alcohol in the blood. The Department failed in this regard.”
The Department filed a suspensive appeal. The Department contends that the district court erred by applying to this civil proceeding the same standards required for the admission of PEI test results in criminal cases, and in holding that the burden lay with the Department to prove the validity of the test results and the propriety of the suspension of petitioner’s driver’s license. It claims that the test results should be presumed to be valid in all respects, and that the burden should rest with the petitioner to show that the test failed to meet the requirements of LSA-R.S. 32:661-669.
The plaintiff contends that LSA-R.S. 32:663, which requires approval of testing methods by the Department, also requires the Department to lay an evidentiary foundation to admit the results of a chemical test of blood alcohol content. He argues that the test results were not properly admitted because the Department failed to provide a certificate establishing that the technician who verified the accuracy of the PEI machine was competent to make these verifications. Thus, the PEI test results were not admissible and the plaintiff was not required to prove their invalidity.
The identical issue was presented to this court in the case of McWhiney v. State of Louisiana, Department of Public Safety, 514 So.2d 1202, also decided this day. We adopt the reasons contained in that opinion which affirmed a trial court judgment reversing a suspension of driving privileges and reinstating the petitioner’s driver’s license. Accordingly, the judgment of the trial court in this case is also affirmed.
AFFIRMED.