BYRNES, Judge.
Andrea Williams was convicted by a jury of one count of vehicular homicide in violation of LSA-R.S. 14:32.1 and by the judge of four counts of vehicular negligent injury in violation of LSA-R.S. 14:39.1. She was sentenced to serve five years in Orleans Parish Prison for vehicular homicide, to be served consecutively with four concurrent six month sentences for the four counts of vehicular negligent injury. She appeals her convictions and sentences. We affirm.
Between 5:00 and 6:00 a.m. on October 11, 1986, four pedestrians were loading audio equipment into the trunk of a car on North Rampart Street when they were struck and injured by a green Monte Carlo. A taxi driver who was walking back to his cab was also seriously injured. One victim subsequently died.
At the time of the incident, defendant, Andrea Williams, was arrested and taken to Charity Hospital. Her blood alcohol level was found to be 0.23 percent, which is above the presumptive level of intoxication. LSA-R.S. 32:662(A)(l)(c). At trial defendant argued that she was not driving at the time of the accident. She testified that she had been drinking in a bar with an unknown male since 9:00 p.m. the night before and that he was driving the vehicle but he disappeared before the police arrived. Williams claimed she could not remember his name or identify the driver. Further, she stated that she did not know who owned the vehicle. Defendant’s pre-sentence investigation report revealed that her fiance’ owned the car and loaned it to her the previous night.
Two other cab drivers witnessed the incident and followed the Monte Carlo as it drove away. These witnesses, along with three of the victims testified that the defendant was the only person inside the car and that no other person got out of the car or left the scene of the accident. There was *496 testimony that Williams was seen sliding over to the passenger side of the vehicle and that she was laughing when she got out of the car.
On appeal Williams asserts that the State failed to prove that the operator of the blood testing machine had a permit to operate the machine and conduct the testing, and that the machine was properly maintained and calerbrated. She also claims that she could not voluntarily consent to testing or waive her Miranda rights because of her intoxicated condition. Further, Williams avers that her sentence is excessive because she was a student, a first offender and had no prior record.
The State has the burden of proving the qualifications of the technician who tested the machine used to calculate the blood alcohol content. LSA-R.S. 32:663; Cole v. State of Louisiana, Dept. of Public Safety, Driver’s License Division, 514 So.2d 1205 (La.App. 2nd Cir.1987). In order for the prosecution to utilize the statutory presumption of intoxication arising from a chemical analysis of the defendant’s blood pursuant to LSA-R.S. 32:662, the State must show the reliability of the chemical testing. State v. Lindsey, 524 So.2d 253 (La.App. 5th Cir.1988). At trial defendant stipulated to the crime lab report of the blood test and the qualification of the criminalist as an expert in the area of blood analysis. Plaintiff failed to raise an express objection that the blood testing machine was not shown to be properly maintained and calibrated. Defendant only reserved her pretrial objection to the admission of the blood testing results. The transcript of the hearing on the motion to suppress the evidence indicates that Williams’ objection was limited to the voluntariness of her taking the blood test when the officer told the defendant that she had no choice. At the motion hearing, the State and the defendant stipulated that Dr. A. Booser was a qualified technician in drawing blood. At trial, Dr. Booser explained how the blood testing machine had been maintained and calibrated. Louisiana Courts have consistently upheld stipulations entered into by a defendant and his defense counsel and the State. State v. Fabacher, 362 So.2d 555 (La.1978); State v. Owens, 501 So.2d 968 (La.App. 2nd 1987), writ denied, 507 So.2d 224 (La.1987). By entering the above stipulations, in particular, the stipulation to the admission of the blood testing results, defendant is precluded from a review of the issue of proper maintenance, calibration or reliability of the blood testing machine on appeal because defendant failed to expressly specify any objections at trial or pretrial to include that issue. State v. Henry, 352 So.2d 643 (La.1977).
Further, Williams’ claim that she could not give voluntary consent to the blood test has no merit. Defendant’s consent to the blood testing was not necessary where a fatality and several serious injuries were involved. LSA-R.S. 32:666; State v. Bennett, 498 So.2d 230 (La.App. 1st Cir.1986). Defendant asserts that she did not intelligently waive her rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Because no inculpatory statement made by defendant was used at her trial, there was no violation of her rights. State v. Johnson, 255 La. 314, 230 So.2d 825 (1970), aff'd sub. nom. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972).
The defendant contends that her sentence is excessive because she had no prior convictions and was a student at the time of the incident. The sentencing transcript shows that the trial judge articulated the reasons for his sentence in compliance with La.C.Cr.P. Art. 894.1, including the seriousness of the injuries, her heavy intoxication, her perjury on the witness stand that she did not know who owned the Monte Carlo, and the fact that she showed no feelings of remorse. Even though she only had a prior conviction for trespassing and disturbing the peace, the trial court found that because of her attitude, he could not say that the circumstances would not recur. The probation officer did not recommend probation. The judge reviewed the alleviating factors that Williams had small children but noted that she had been drinking in a bar all night without concern for *497 those children. We cannot find an abuse of the trial court’s discretion in imposing the maximum sentence of five years for vehicular homicide. Six months for each count of vehicular negligent injury is not excessive in view of the severity of the injuries.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.
BECKER, J., dissents.