832 So.2d 1191 (2002)
STATE of Louisiana
v.
Joseph Ardis CEDARS.
No. KA02-861.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*1192 Van H. Kyzar, District Attorney, Natchitoches, LA, for State/Appellee: State of Louisiana.
James S. Seaman, Natchitoches, LA, William D. Dyess, Many, LA, for Defendant/Appellant: Joseph Ardis Cedars.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and MARC T. AMY, Judges.
WOODARD, Judge.
The trial court convicted Mr. Cedars of vehicular homicide and sentenced him to fifteen years at hard labor with at least five years to be served without benefit of probation, parole, or suspension of sentence. The trial court also found him guilty of vehicular negligent injuring and sentenced him to six months in the parish detention center, to be served concurrently with the vehicular homicide sentence. Mr. Cedars appealed his sentence for vehicular homicide, attacked the constitutionality of the sentencing scheme under the statute, and asserted ineffective assistance of counsel. We affirm his convictions on both charges and affirm his sentence for vehicular negligent injuring. However, we find that his sentence for vehicular homicide is indeterminate and, therefore, vacate it and remand the case for resentencing.

* * * *
The Defendant, Joseph Cedars, while traveling northbound in the southbound lane of Interstate 49, collided with another vehicle. As a result, John Ruben died; Shataka Cheney was injured. A blood alcohol test revealed that the Defendant had "a .18% grams of alcohol content in his blood."
He was charged with one count of vehicular homicide, a violation of La.R.S. 14:32.1, and one count of vehicular negligent injuring, a violation of La.R.S. 14:39.1. Initially, he pled not guilty to both *1193 charges but then withdrew these pleas and entered a plea of guilty to vehicular negligent injuring, as well as vehicular homicide. After his sentencing, the court reconsidered his sentence, amending it as follows: 1) Vehicular homicidefifteen years at hard labor, at least five of which to be served without benefit of probation, parole, or suspension of sentence; 2) Vehicular negligent injuringsix months in the parish detention center, to run concurrently with the sentence imposed for vehicular homicide. The trial court left restitution to the discretion of the parole board.
Mr. Cedars appeals his conviction and sentence, alleging three assignments of error.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review the appeal for errors patent on the face of the record. After reviewing the record, we find several.
First, the vehicular homicide charge and the vehicular negligent injuring charge were improperly joined in the same bill of information.[1] Because it may be punishable at hard labor, vehicular homicide is a felony and is triable by a jury of six.[2] On the other hand, vehicular negligent injuring is not punishable at hard labor; thus, it is a misdemeanor. Because of the penalty, he was not entitled to a jury trial on this charge.[3] Therefore, the two offenses were not triable by the same mode of trial and should not have been charged in the same bill of information. Notwithstanding, Mr. Cedars failed to file a motion to quash the information based on the misjoinder, waiving any objection to this error.[4]
Second, the trial court imposed an indeterminate sentence when it ordered that "at least" five years of Mr. Cedar's sentence for vehicular homicide be served without benefit of probation, parole, or suspension of sentence. The sentencing provision for vehicular homicide requires that at least one year of the sentence be served without probation, parole, or suspension of sentence. Thus, the trial court may order all or a portion, but at least one year, of the sentence to be served without benefits, but it must specify the term.[5] Accordingly, we must vacate the sentence and remand the case for resentencing.
In addition to being indeterminate, the sentence for vehicular homicide is illegally lenient. The statute requires the imposition of a fine of not less than $2,000.00, nor more than $15,000.00, and also requires the court to order participation in a court-approved substance abuse program, driver improvement program, or both.[6] The failure to assess Mr. Cedars with a fine and order him into a court-approved program provide additional grounds for vacating the sentence.
We must determine: 1) whether Mr. Cedars' sentence for vehicular homicide is excessive; 2) the constitutional validity of the sentencing scheme under the vehicular homicide statute; and 3) whether Mr. Cedars *1194 received ineffective assistance of counsel.
EXCESSIVE SENTENCE
Mr. Cedars argues that fifteen years with the Louisiana Department of Corrections, with five of those years to be served without benefit of probation, parole, or suspension of sentence for the vehicular homicide charge is excessive. As we have already determined that this sentence must be vacated, this assignment of error is moot.
CONSTITUTIONALITY OF VEHICULAR HOMICIDE STATUTE
Mr. Cedars claims that the sentencing scheme for vehicular homicide is facially unconstitutional. He urges that vehicular homicide, La.R.S. 14:32.1, is a subset of negligent homicide, La.R.S. 14:32, and, accordingly, should not carry a greater penalty; and while negligent homicide carries a maximum term of imprisonment of five years, vehicular homicide carries a maximum term of twenty years. However, negligent homicide is a responsive verdict of vehicular homicide; thus, vehicular homicide is the greater offense and should have the more severe penalty.[7]
Mr. Cedars' next argument focuses on the fact that vehicular homicide carries a minimum mandatory penalty, while manslaughter, first degree feticide, and second degree feticide do not. He also points out the maximum sentence for these offensesmanslaughter carries a maximum of forty years, first degree feticide, a maximum of twenty years, and second degree feticide, a maximum of ten years. He maintains that these offenses require the offender to have some intent to cause death or serious bodily injury or to be involved in the perpetration of another crime when the death takes place. On the other hand, vehicular homicide is caused by criminal negligence rather than an intent to cause harm. He argues that for these reasons, the sentencing scheme is facially unconstitutional.
While such a comparison is relevant to the inquiry, it is not determinative.[8] In State v. Baxley,[9] the Louisiana Supreme Court provided us with guidance in evaluating whether a penalty provision is unconstitutional on its face:
"A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). "A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice." State v. Lobato, 603 So.2d 739, 751 (La.1992). It is a well established principle that the legislature has the unique responsibility to define criminal conduct and to provide for the penalties to be imposed against persons engaged in such conduct. The penalties provided by the legislature reflect the degree to which the criminal conduct affronts society. Courts must apply these penalties unless they are found to be unconstitutional.
. . . .
In State v. Telsee, this court outlined several factors which are useful in determining *1195 whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. This analysis is cumulative and focuses on a combination of these factors ... These factors include the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions.
. . . .
If the definition of a crime or the penalty are not reflective of current societal values, it is for the legislature, not the courts, to reflect this change.
(Footnote omitted.)
Vehicular homicide punishes a different type of conduct than that punished by negligent homicide and the feticide statutes. By enacting vehicular homicide, the legislature decided to separately punish persons who cause a homicide by operating a motor vehicle while under the influence of alcohol or a controlled dangerous substance. Our supreme court has interpreted the legislature's progressive increases in the penalty for vehicular homicide as a response to "the increasingly burdensome societal costs of drunken driving."[10] Considering the legislature's concern regarding drunken driving and the societal cost associated with it, Mr. Cedars has not shown that the penalty provision for that offense is unconstitutionally excessive on its face.
He also argues that the definition of the statute is unconstitutional because, by definition, it is inconsistent with other laws, namely La.R.S. 14:98. Under La. R.S. 14:98, operating a vehicle while intoxicated, a driver is presumptively "under the influence" when his blood alcohol level is .10 percent, but a driver can be convicted for vehicular homicide if his blood alcohol level is .08 percent. "Thus," Mr. Cedars asserts, "a driver could be operating his/her vehicle legally, yet still be punished for vehicular homicide, if he/she causes an accident that results in death.... These inconsistencies in the statute make it patently unfair, misleading, ambiguous, and furthermore, unconstitutional."
We do not find this argument to be persuasive. The presumption of intoxication is merely thata presumption; it is not the standard by which driving under the influence is established. A person may be found guilty of driving while intoxicated as well as vehicular homicide without the state proving the defendant's blood alcohol level. "The evident purpose of the vehicularhomicide statute is to curb traffic fatalities caused by the consumption of alcohol. It is not aimed at persons involved in vehicular fatalities whose alcohol consumption does not cause but merely coincides with such an accident."[11]
Thus, we find that the legislature has thoughtfully and carefully drafted a scheme for punishing conduct involving the operation of motor vehicles and the consumption of alcohol or controlled dangerous substances. Accordingly, this assignment lacks merit.
INEFFECTIVE ASSISTANCE OF COUNSEL
Mr. Cedars claims he received ineffective assistance of counsel because his counsel did not present mitigating evidence at *1196 sentencing and did not obtain a definite sentence as part of his plea bargain. Our decision to vacate the sentence pretermits a discussion of this issue. However, we note that, at the original sentencing, Mr. Cedars was able to address the court and offer his apologies. His counsel then addressed the court and argued other mitigating factorsnamely, his youth, lack of premeditation for the offense, admission of guilt, the lack of intent, good work and family history, status as a student, lack of a history of violence, good family support, and willingness to make restitution. Counsel also made the court aware of the Defendant's desire to treat his problem with alcohol. Thus, the Mr. Cedars' attorney argued mitigating factors to the trial court.
Regarding his claim that his attorney was ineffective for failing to obtain a definite sentence as part of his plea bargain, that claim should be relegated to post-conviction relief. Accordingly, this assignment lacks merit.
Therefore, we affirm his convictions and his sentence for vehicular negligent injuring. However, we vacate the sentence imposed for vehicular homicide, as it is indeterminate, and remand for resentencing.

CONCLUSION
For the foregoing reasons we affirm Mr. Cedars' convictions and sentence for vehicular negligent injuring. We vacate his sentence for vehicular homicide and remand for resentencing.
CONVICTIONS AFFIRMED; SENTENCE FOR VEHICULAR NEGLIGENT INJURING AFFIRMED; SENTENCE FOR VEHICULAR HOMICIDE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] La.Code Crim.P. art. 493.
[2] La.Code Crim.P. art. 782.
[3] La.Code Crim.P. art. 779.
[4] La.Code Crim.P. art. 495. State v. Mallett, 357 So.2d 1105 (La.1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 (1979).
[5] La.Code Crim.P. art. 879.
[6] La.R.S. 14:32.1.
[7] La.Code Crim.P. art. 814.
[8] State v. Baxley, 94-2982 (La.5/22/95); 656 So.2d 973.
[9] Id. at 979-80.
[10] State v. Cook, 95-2784, p. 3 (La.5/31/96); 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
[11] State v. Taylor, 463 So.2d 1274, 1275 (La. 1985).