| KOSTELKA, J.
Ronnie Norris (“Norris”) pled guilty as charged to one count of vehicular homicide and received a sentence of seventeen years at hard labor, with the first year imposed without benefit of parole, probation or suspension of sentence. La. R.S. 14:32.1. After the denial of a timely motion to reconsider sentence, Norris appeals his sentence as constitutionally excessive. We affirm the seventeen-year term imposed but remand for modification of that portion of the sentence which is illegally lenient.
Facts
On June 8, 2001, forty-one-year-old Norris was driving a motor vehicle with a suspended driver’s license due to a previous DWI conviction. Norris drove through a stop sign at a Shreveport, Louisiana intersection and into the path of an eighteen-wheeler. The truck struck the side of Norris’s vehicle where Juanita Collier (“Collier”) was a passenger; she sustained massive, fatal injuries at the scene. A subsequent blood test showed Norris’s blood alcohol content to be .13 percent at the time of the accident.
Discussion
On appeal, Norris argues that the trial court failed to adequately comply with the provisions of La.C.Cr.P. art. 894.1 and imposed an excessive sentence. However, a review of the grounds set forth in his motion to reconsider sentence shows that Norris failed to raise as an issue the adequacy of the trial court’s compliance with La.C.Cr.P. art. 894.1. Accordingly, he is now precluded from raising this ground on appeal. La.C.Cr.P. art. 881.1.
LNor can we find the term of the sentence imposed to be excessive. For his vehicular homicide conviction, Norris faced a potential sentencing exposure of not less than two nor more than twenty years with at least one year without benefits, a mandatory fine of not less than two thousand nor more than fifteen thousand dollars, and a requirement to participate in a court-approved substance abuse program or driver improvement program, or both. La. R.S. 14:32.1.
A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is *725 considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set | aaside a sentence. State v. Guzman, 99-1528 (La.05/16/00), 769 So.2d 1158.
Before imposing 'the seventeen-year term in this case, the trial court heard testimony from the victim’s brother who testified regarding how the death of Collier adversely affected her family. Additionally, the court considered a letter from the victim’s daughter, evidence of Norris’s two previous DWI convictions and the discovery the state has filed into the record. The court also considered letters from Norris’s family, friends and employer. In sentencing Norris, the trial court stated that it had reviewed the facts surrounding the case, including the nature of the accident, i.e. that Norris ran a stop sign. The court also noticed Norris’s criminal history which included two prior DWI convictions, one of which occurred only a year prior to the present incident. The court considered Norris’s impairment at the time of the accident and stated that the accident could have been avoided. Additionally, the court noted that the victim lost her life as the result of Norris’s choices.
Despite Norris’s contrary contentions, the record before us is clear that the trial court took into consideration Norris’s impairment prior to sentencing. Moreover, after reviewing Norris’s criminal history, the court obviously concluded that incarceration was the appropriate treatment for this offender. Certainly, considering Norris’s continued failure to respond to prior leniency in sentencing, this determination is well within the broad discretion given to the trial court in tailoring the sentence to him. Nor can we find the upper range sentence inappropriate for Norris. Despite two | ¿previous opportunities for rehabilitation, Norris once again chose to drink and drive, this time with blatant disregard for the sanctity of another human life. While his earlier choices to drink and drive might have resulted in no obvious consequences, in this instance, Norris’s decision caused the loss of a life for which criminal culpability attaches. In these circumstances, Norris can be classified as a serious offender for whom a seventeen-year sentence is appropriate.
Nevertheless, a review of the sentence imposed reveals that the trial court failed to impose a fine as required by La. R.S. 14:32.1. Nor did the court order participation in a substance abuse or a driver improvement program, or both, as required by this statute.[1] Accordingly, though the state has neglected to seek appellate or supervisory relief, and be *726 cause the trial court is given discretion in assessing the amount of the fine imposed under La. R.S. 14:32.1, it is appropriate that we remand for resentencing in accordance with State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790.
SENTENCE AFFIRMED IN PART; REMANDED FOR PARTIAL RESEN-TENCING.
APPLICATION FOR REHEARING
Before BROWN, C.J., WILLIAMS, STEWART, KOSTELKA, and DREW, JJ.
Rehearing denied.

. We recognize that the trial court may have concluded that a fine and participation in a substance abuse program or a driver improvement program are unnecessary in light of the sentence imposed. Nevertheless, the statute of conviction makes such imposition mandatory.