STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1390

STATE OF LOUISIANA

VERSUS

JOSE FIGUEROA

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 02-1104
HONORABLE ANNE L. SIMON, DISTRICT JUDGE

**********
**ARTHUR J. PLANCHARD**
**JUDGE**
**********

Court composed of Glenn B. Gremillion, Billy H. Ezell, and Arthur J. Planchard[*], Judges.

**CONVICTION AFFIRMED;**
**SENTENCE VACATED;**
**REMANDED FOR RE-SENTENCING.**

**Hon. J. Phillip Haney**
**District Attorney**
**Walter J. Senette, Jr,.**
**Assistant District Attorney**
**5th Floor, Courthouse**
**Franklin, LA 70538**
**Counsel for Appellee:**
   **State of Louisiana**

**Jason Wayne Robideaux**
**Attorney at Law**
**1005 Lafayette Street**
**Lafayette, LA 70501**
**Counsel for Defendant/Appellant:**
   **Jose Figueroa**

---

[*]Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

PLANCHARD, Judge[1].

The Defendant, Jose Figueroa, was charged by bill of information on July 29, 2002, with manslaughter, a violation of La.R.S. 14:31. The Defendant was arraigned and entered a plea of not guilty on August 13, 2002. This bill of information was nolle prossed on January 9, 2003, and a bill of information charging the Defendant with vehicular homicide, a violation of La.R.S. 14:32.1, was filed. The Defendant waived formal arraignment and entered a plea of guilty on the same date.

On May 6, 2003, the Defendant was sentenced to serve twenty years at hard labor without the benefit of probation, parole, or suspension of sentence, with credit for time served. The Defendant was also ordered to pay eight thousand one hundred eighty-eight dollars and seventy cents in restitution. A Motion for Reconsideration of Sentence was filed on May 13, 2003, and subsequently denied. A Motion for Appeal was filed on June 25, 2003.

## FACTS:

On June 7, 2002, the Defendant was driving while intoxicated, his blood alcohol level being 0.11 percent. According to the statement of an independent eye-witness given to the investigating officer, the Defendant cut in front of Glenn Duhon's motorcycle, striking one car, then going into a spin. Due to Defendant's actions Duhon was unable to avoid Defendant's vehicle and hit the car. Mr. Duhon died as a result of the injuries he sustained in the collision.

## ERRORS PATENT:

---

[1] Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

1

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there are two errors patent concerning the Defendant's sentence: 1) La.R.S. 14:32.1 (B) mandates a fine of not less than two thousand dollars nor more than fifteen thousand dollars; 2) additionally, the statute mandates the court "require the offender to participate in a court-approved substance abuse program or a court-approved driver improvement program, or both." These statutory requirements were not imposed as part of the Defendant's sentence in this case.

Statutory law and jurisprudence allow an appellate court to recognize an illegally lenient sentence on its own. La.Code Crim.P. art. 882 and *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790.

Additionally, this court has recognized that the failure to impose a mandatory fine as an error patent. In *State v. Cedars*, 02-861, pp. 2-3 (La.App. 3 Cir. 12/11/02), 832 So.2d 1191, 1193 (footnote omitted), this court stated as follows:

> [T]he sentence for vehicular homicide is illegally lenient. The statute requires the imposition of a fine of not less than $2,000.00, nor more than $15,000.00, and also requires the court to order participation in a court-approved substance abuse program, driver improvement program, or both. The failure to assess Mr. Cedars with a fine and order him into a court-approved program provide . . . grounds for vacating the sentence.

The case was remanded for re-sentencing. *Cf. State v. Shivers*, 02-466 (La.App. 3 Cir. 10/2/02), 827 So.2d 534.

Louisiana Code of Criminal Procedure art. 882 (A) provides: "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." Nevertheless,

> when correction of an illegal sentence does not involve the exercise of sentencing discretion, there is no reason why the appellate court should not simply amend the sentence. . . . However, if correction involves the

2

exercise of sentencing discretion . . . the case must be remanded for the trial court to perform that function.

*State v. Fraser*, 484 So.2d 122, 124, n.5 (La.1986). *See also State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694.

Accordingly, we affirm the Defendant's conviction; we vacate the Defendant's sentence and remand for resentencing as correction of the error concerning the mandatory fine requires the exercise of sentencing discretion.

**CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RE-SENTENCING.**