# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 05-1629

STATE OF LOUISIANA

VERSUS

TYRONE DAVIS, SR.

************

**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN NO. 03-226867
HONORABLE PAUL J. DEMAHY, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Michael G. Sullivan, Billy H. Ezell, and James T. Genovese, Judges.

**CONVICTIONS AFFIRMED;
REMANDED FOR RESENTENCING**

**Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, Louisiana 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:**
    Tyrone Davis, Sr.

**Phil Haney - District Attorney**
**ADA Chester R. Cedars**
**St. Martin Parish Courthouse**
**Second Floor**
**St. Martinville, Louisiana 70582**
**(337) 394-2220**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this case, the only issue before this court is Defendant's appeal of the trial court's order denying his motion for change of venue. For the following reasons, we affirm the trial court's ruling but remand this matter back to the trial court for resentencing of Defendant on the conviction of possession of a firearm by a convicted felon due to the illegally lenient sentence given on that conviction.

On August 27, 2003, the St. Martin Parish grand jury indicted Defendant, Tyrone Davis, Sr., for second degree murder, in violation of La.R.S. 14:30.1; second degree kidnaping, in violation of La.R.S. 14:44.1; and possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. On October 28, 2003, the prosecution filed a Motion and Order to Determine Propriety of Venue with the district court, requesting that the trial court conduct a "dry run" *voir dire* in order to determine whether it would be able to select a fair and impartial jury in St. Martin Parish under *State v. Bell*, 315 So.2d 307 (La.1975). The trial court granted the request, conducted a "dry run" *voir dire* beginning on November 11, 2003, and after hearing argument from both sides, the trial court ruled that a change of venue was unnecessary.

Defendant's trial commenced on March 1, 2004 and continued through March 4, 2004. At the conclusion of trial, the jury found Defendant guilty of all charges. On April 14, 2004, the trial court sentenced Defendant to life imprisonment at hard labor for the second degree murder conviction, to forty years at hard labor for the second degree kidnaping conviction, and to fifteen years at hard labor for the possession of a firearm by a convicted felon conviction. The district court ordered all of the sentences to be served without benefit of probation, parole, or suspension of sentence and decreed that the sentences were to run consecutively with each other with Defendant being given credit for time served.

1

On April 28, 2005, Defendant filed an application for post-conviction relief with the trial court, alleging ineffective assistance of appellate counsel for failure to file an appeal and seeking an out-of-time appeal. On June 30, 2005, the trial court conducted a hearing on Defendant's application for post-conviction relief, granted relief, and referred Defendant's case to the Louisiana Appellate Project. Defendant appeals, arguing that the trial court erred in finding that no change of venue was warranted in his case.

**STATEMENT OF FACTS**

On December 28, 1997, sixteen-year-old Allison Castex (Allison) and her boyfriend were riding four-wheeler all terrain vehicles in the sugarcane fields across from Allison's home in St. Martin Parish, Louisiana. While there, two men wearing masks accosted them. One assailant held the boyfriend at gunpoint, while the other took Allison away and murdered her. The police were able to recover DNA evidence from Allison's clothing, but the police were unable to immediately identify and apprehend the assailants.

In August 1999, the police were able to obtain a positive DNA match to the evidence recovered from Allison's body. The matching DNA profile came from a man named Brian Keith Francis (Francis), who had submitted to a court-ordered blood test due to his involvement in another incident in Lafayette Parish. A grand jury indicted Francis for first degree murder, and the prosecution prepared to seek the death penalty. The man who held Allison's boyfriend at gunpoint, while she was being murdered, was still unidentified. Prior to his trial, Francis, on July 18, 2003, accepted a plea bargain wherein he promised to reveal the name of his accomplice in exchange for a life sentence. Acting in accordance with his plea agreement, Francis named Defendant as his co-perpetrator.

2

As a result, Defendant was subsequently charged with and convicted of second degree murder, second degree kidnaping of Allison's boyfriend, and possession of a firearm by a convicted felon for the events that occurred on December 28, 1997.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent only as to the sentence imposed for possession of a firearm by a convicted felon.

The trial court failed to impose a fine on the conviction of possession of a firearm by a convicted felon as mandated by the penalty provision for said crime. La.R.S. 14:95.1(B). That penalty provision mandates a fine of not less than $1,000.00 nor more than $5,000.00. Thus, the trial court imposed an illegally lenient sentence on Defendant's conviction of possession of a firearm by a convicted felon. Addressing an identical error, this court has stated the following:

> The Defendant did not receive a fine although one is mandated by the penalty provision of La.R.S. 40:967(F)(1)(a). That provision mandates a fine of not less than $50,000.00 nor more than $150,000.00. Thus, the Defendant received an illegally lenient sentence for the possession of twenty-eight grams but less than two hundred grams of cocaine. Both statutory law and jurisprudence allow an appellate court to recognize an illegally lenient sentence on its own. La.Code Crim.P. art. 882 and *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790. This court has recognized the trial court's failure to impose a mandatory fine as an error patent and has, in its previous cases, remanded the cases for resentencing. *State v. August*, 03-1478 (La.App. 3 Cir. 4/7/04), 870 So.2d 553, *State v. Figueroa*, 03-1390 (La.App. 3 Cir. 3/31/04), 869 So.2d 957, and *State v. Cedars*, 02-861 (La.App. 3 Cir. 12/11/02), 832 So.2d 1191. Thus, the Defendant's sentence for possession of twenty-eight to two hundred grams of cocaine is remanded for resentencing since the trial court has discretion as to the amount of the fine to be imposed. *See State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694.

*State v. Phillips*, 04-827, pp. 1-2 (La.App. 3 Cir. 11/10/04), 887 So.2d 670, 672.

Accordingly, this court affirms Defendant's conviction on the charge of

3

possession of a firearm by a convicted felon, but vacates his sentence on that charge as illegally lenient as above set forth, and remands this case to the trial court for resentencing on that charge only.

## ASSIGNMENT OF ERROR

Defendant argues that the trial court erred in finding that a change of venue was not warranted in his allegedly "highly publicized" case. Defendant contends that the trial court abused its discretion because nearly half of the jurors at the actual *voir dire* could have been challenged for knowing about the case, because eleven of the potential jurors in the first panel and all of the potential jurors in the second panel had heard about the case prior to trial, and because three of the eleven potential jurors in the first panel, who knew about the case, were chosen to sit on the jury.

Defendants are constitutionally guaranteed an impartial jury and fair trial which may be attained by changing venue if a defendant can establish that the original venue will not provide an impartial jury or fair trial. *State v. Frank*, 99-553 (La. 1/17/01), 803 So.2d 1; La.Const. art. 1, § 16. The party applying for a change of venue has the burden of proving that the change is necessary under the rule set forth in La.Code Crim.P. art. 622, which provides:

> A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.

> In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.

Public knowledge of the facts surrounding the offense is not, by itself, sufficient to entitle an offender to a change of venue; actual prejudice resulting from the knowledge of the case must be demonstrated. *Frank*, 803 So.2d 1; *State v. Clark*, 442 So.2d 1129 (La.1983); *State v. Vaccaro*, 411 So.2d 415 (La.1982). Some of the

4

factors used in determining whether a change of venue is necessary are:

> (1) the nature of [the] pretrial publicity and the particular degree to which it has circulated in the community, (2) the connection of government officials with the release of the publicity, (3) the length of time between the dissemination of the publicity and the trial, (4) the severity and notoriety of the offense, (5) the area from which the jury is to be drawn, (6) other events occurring in the community which either affect or reflect the attitude of the community or individual jurors toward the defendant, and (7) any factors likely to affect the candor and veracity of the prospective jurors on voir dire.

*Bell*, 315 So.2d at 311. The trial court's determination of whether the requisite showing has been made to qualify for a change of venue "will not be disturbed on review in the absence of an affirmative showing of error and abuse of discretion." *Vaccaro*, 411 So.2d at 424.

In the instant case, the State moved for a "dry run" *voir dire* in order to determine whether a fair and impartial jury could be empaneled in the original venue, St. Martin Parish. Defendant filed no independent motion to change venue prior to the "dry run" *voir dire*. After the sample jurors in two separate panels, each consisting of fourteen members, were interviewed on November 11, 2003, the State argued that Defendant could receive a fair and impartial trial in St. Martin Parish, but it asked the district court to issue subpoenas for 200 potential jurors. In response, defense counsel objected to having the trial take place in St. Martin Parish and requested that the venue be transferred to an area more remote from the crime. After hearing argument from both sides, the trial court held:

> Based on the responses of the jurors with regard to their knowledge of the case, their knowledge of the persons involved and their families, out of the 28 jurors questioned, it was my determination that of that 28, only 12 could possibly be challenged for that reason, and not all of those would necessarily be successful challenges depending on any further questioning in more detail that would be done if [you] were, in fact, selecting a jury. For that reason, I find that there is no need to transfer venue, that we would be able to select an appropriate jury in St. Martin Parish. And for that reason, the court will not enter an order transferring venue.

5

The defense neither objected to the district court's ruling nor filed an independent motion for change of venue prior to the date actual *voir dire* occurred.

Actual *voir dire* took place on March 1, 2004, and questioning of the potential jurors commenced without the defense making an independent motion to change venue. Prior to selecting actual jurors from each nineteen-person panel of potential jurors, the trial court, the State, and the defense all took turns questioning the potential jurors. At the conclusion of the interview process for each panel, both parties were allowed to challenge the placement of the jurors from that panel. The jurors were not only queried as to whether they had heard or read about the case, they were also asked whether they knew either of the victims, the victims' family members, the potential witnesses, Defendant, Defendant's family, Defendant's co-assailant, or the co-assailant's family. Each juror was repeatedly asked whether their knowledge of the facts or the people involved would prevent them from being fair and impartial jurors. Only one of Defendant's challenges for cause was denied, and Defendant was allowed to dismiss that juror using one of his peremptory challenges. The potential juror had a working relationship with several of the officers testifying as witnesses. Once again, Defendant did not ask to revisit the issue of venue either during or after actual *voir dire*.

Thus, other than arguing in favor of a change of venue at the conclusion of the "dry run" *voir dire*, Defendant did not independently seek to change venue from St. Martin Parish. Moreover, although Defendant participated in questioning the potential jurors, he failed to address the several factors listed in *Bell*, such as the type of media coverage of the crime; the amount of media coverage; the number of days, months, or years the media issued stories about the crime; whether the media coverage was biased against Defendant; whether there was a public outcry against Defendant; what rumors were circulating about Defendant's involvement in the

6

crime; whether there was a significant amount of negative sentiment in the community against Defendant that would affect the potential jurors' candor and veracity during *voir dire*; whether there was governmental involvement in any negative publicity about Defendant; whether the area from which the jury was drawn was a tightly knit community; and whether the potential jurors themselves had made statements implicating Defendant in the crime.

Therefore, as the party requesting a change of venue, Defendant failed to meet his burden of proving that the widespread knowledge of the facts surrounding the crime created such a community prejudice against him that he was prevented from receiving a fair and impartial trial in St. Martin Parish. Accordingly, this assignment of error is without merit.

## DISPOSITION

The trial court's order denying Defendant a change of venue is affirmed. Defendant's sentence, only as it applies to the conviction of possession of a firearm by a convicted felon, is vacated. This case is remanded to the trial court solely for the purpose of resentencing Defendant on the conviction of possession of a firearm by a convicted felon and imposing a fine as required by La.R.S. 14:95.1(B).

**CONVICTIONS AFFIRMED; REMANDED FOR RESENTENCING.**