# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 11-88


**STATE OF LOUISIANA**

**VERSUS**

**JEFFERY NEAL DEVILLE**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 300,242
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

## SENTENCE AFFIRMED IN PART; REMANDED FOR PARTIAL RESENTENCING AND AMENDMENT TO CORRECT MINUTES.

**Willard Trichel Armitage, Jr.**
**P. O. Box 342**
**Alexandria, LA 71309-0342**
**(318) 445-3127**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**James C. Downs**
**District Attorney – Ninth Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Michael Anderson Brewer**
**1330 Jackson St.**
**Alexandria, LA 71301**
**(318) 443-4006**
**Counsel for Defendant/Appellant:**
**Jeffery Neal Deville**

**EZELL, Judge.**

On January 28, 2010, the Defendant, Jeffery Neal DeVille, was charged by bill of information with two counts of vehicular homicide, violations of La.R.S. 14:32.1. The Defendant entered a plea of guilty to the charges on July 20, 2010, and was sentenced to thirty years at hard labor on each count, the sentences to run concurrently to each other and consecutively to the sentence he was already serving. The first five years of the sentences were ordered to be served without benefit of probation, parole, or suspension of sentence. The Defendant's motion to reconsider sentence was denied after a hearing on October 25, 2010.

The Defendant is now before this court on appeal, asserting that his sentences are excessive. For the following reasons, we remand this matter back to the trial court for resentencing of Defendant on each conviction of vehicular homicide due to the illegally lenient sentences given on those convictions.

## FACTS

The facts as established in a written stipulation between the parties reflect that on September 30, 2009, the Defendant was driving his vehicle southbound on US 167 when he hit the guardrail and then crossed the median and struck a vehicle head on, killing the driver, a sixty-year-old woman, and her passenger, a sixty-four-year-old man. Toxicology reports indicate that at the time of the accident, the Defendant was driving under the influence of carisoprodol, meprobamate, alprazolam, clonazepam, and cocaine benzoylecgonine

## EXCESSIVE SENTENCE

In his sole assignment of error, the Defendant argues that his thirty-year concurrent sentences, ordered to run consecutively to any other sentences, are excessive.

In *State v. Brandenburg*, 06-1158, p. 28 (La.App. 3 Cir. 2/7/07), 949 So.2d 625, 644, *writ denied*, 07-538, 07-614 (La. 10/26/07), 966 So.2d 571, 573, this court stated:

> The trial court has wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed constitutionally excessive absent a

manifest abuse of discretion. *State v. Evans*, 97-504 (La.App. 3 Cir. 10/29/97); 702 So.2d 1148, *writ denied*, 97-2979 (La.4/3/98); 717 So.2d 231. This court, in *State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99); 755 So.2d 297, 311, noted:

> The relevant question on review of a sentence is whether the trial court abused its broad sentencing discretion and not whether the sentence imposed may appear harsh or whether another sentence might be more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). To constitute an excessive sentence, this court must find the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96); 670 So.2d 713.

*State v. Boudreaux*, 00-1467, p. 12 (La.App. 3 Cir. 4/4/01), 782 So.2d 1194, 1201, *writ denied*, 01-1369 (La.3/28/02), 812 So.2d 645 (quoting *State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99), 755 So.2d 297, 311). "As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender." *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169.

Pursuant to La.R.S. 14:32.1(B), the sentencing range for vehicular homicide is five to thirty years, with or without hard labor, and with at least five years to be served without benefit of probation, parole, or suspension of sentence if previously convicted of driving while intoxicated. As such, the Defendant received the maximum possible prison term on each count, but the minimum number of years without benefit of probation, parole, or suspension of sentence. The trial court, however, did not impose the mandated fine of $2,000.00 to $15,000.00. Additionally, the Defendant received concurrent sentences, significantly reducing his total sentence.

At sentencing, the Defendant stated that he was forty-nine years old, divorced with two girls, ages eighteen and twenty-one, and completed twelfth grade. His mother lived

2

next door to him. The Defendant, a contract welder, was between jobs at the time of his arrest.

Next, the trial court confirmed that the Defendant was previously convicted of driving while intoxicated in 1988. The Defendant also had prior convictions for possession of controlled dangerous substances, schedules II, III, and IV, on June 22, 2007, and he was on probation at the time of the instant offense. The trial court also considered the stipulation between the parties regarding the facts of the case, specifically the pharmacology report of Dr. William J. George. In mitigation, the Defendant stressed he did not contemplate that his criminal conduct would cause or threaten serious harm and his criminal conduct was the result of circumstances unlikely to reoccur. The Defendant also asserted that he was likely to respond affirmatively to probationary treatment and imprisonment would entail excessive hardship to himself or his dependents.

The Defendant's brother, Jerry Deville, testified that they helped out their eighty-one-year-old mother who depends on them for physical assistance and some financial assistance. Jerry added that from the time the Defendant was eighteen years old, he had broken a number of bones, including a leg, both arms, and he sustained a crushed pelvis. According to Jerry, the Defendant had been on pain medication all of his life. Lastly, Jerry stated that the Defendant was not on disability, however, and worked to support himself.

The trial court found that there were no aggravating or mitigating circumstances. In its reasons for ruling, the trial court stated:

> Mr. Deville, when this incident happened, this was not an accident, you were under the influence when this incident occurred of four different drugs. One of them, you were twice the therapeutic dose of Carisoprodol C-a-r-I-s-o-p-r-o-d-o-l. You were twice the therapeutic dose. You weren't under the influence of four, you were under the influence of five at the time this occurred. That's not an accident, sir. When people do that, things happen. We know when people are drunk and driving down the road and they run into someone, that's not an accident, we know that that's going to happen, sir. So, your -- I hope that you've learned something about what you've caused -- you caused the death of Ms. Fry, Mr. Tyner, you've heard from Trevor Fry about his mother, raising him and those three children, so that they could be better people, and you have taken from her, the joy of what we would call her golden years. She worked hard to get to where she

3

was at sixty, to be able to enjoy the rest of her life. You've taken that from her because of operating while under the influence of a controlled dangerous substance, five of them, while you were impaired.

So, based upon the statements -- well, the information that we've received about your, your biographical information, the factual basis, the sentencing guidelines, that we've gone over, the fact that you were on probation for Possession of CDS II, III and IV, and that you have a previous conviction in 1988 from the Ninth JDC for DWI, and the fact that you were under the influence of those five drugs at the time of the incident, the sentence of the Court on each of these counts is that you're to serve 30 years at hard labor, with the Louisiana Department of Corrections.

In his motion to reconsider sentence, the Defendant stressed that he voluntarily entered guilty pleas to the charges, fully accepting responsibility for his conduct. Considering the facts, circumstances, and mitigating factors, as well as the nature of the crime, his nature and background, and sentences imposed for similar crimes by the same court and other courts, the Defendant maintained that his sentences were excessive. The Defendant then provided a list of seven cases since 1999 involving vehicular homicide in the Ninth Judicial District Court which he believed demonstrated that his sentences were more than twice the highest sentence previously imposed during the last ten years.

At the hearing on the Defendant's motion to reconsider sentence, the Defendant introduced certified copies of the minutes from the cases cited in his motion. In response, the trial court declared that the Defendant's list of cases was not exclusive and that there had been twenty-five cases since 2000. Also, with regard to the cases cited by the Defendant, the trial court stated that it had no knowledge of the specific facts of the cases upon which it could refer and compare the instant case. The trial court opined, however, that the facts in *State v. LeBlanc*, 09-1355 (La. 7/6/10), 41 So.3d 1168, were similar to those in the instant case and supported the sentences imposed in the instant case. In *LeBlanc*, the supreme court reinstated the defendant's thirty-year sentence for vehicular homicide which was found to be excessive and vacated by this court on appeal in *State v. LeBlanc*, 08-1533 (La.App. 3 Cir. 6/10/09), 12 So.3d 1125.

In its reasons for sentencing in *LeBlanc*, the trial court acknowledged that the defendant was a first-time offender without any prior record, and she was the mother of

4

two adolescent boys who depended upon her for guidance and support. The trial court also found, however, that because of her addiction to drugs, the defendant posed an undue risk of committing other crimes if given a suspended sentence and placed on probation. Additionally, the defendant knowingly created a risk of death or great bodily harm to more than one person; killing one person and injuring three other members of the deceased victim's family when she got in a car with a cocktail of drugs in her system, including, but not limited to, methadone, Xanax, Lortab and was ultimately chased down by the police. She had also been using cocaine heavily for a few days prior to the accident, and cocaine and marijuana were found in her car. As such, the trial court concluded that the defendant's actions showed a reckless disregard for her own life and of the lives of others. The trial court limited the defendant's parole eligibility for three years, the mandatory minimum term.

In vacating the defendant's penalty, this court opined that the defendant was not one of the worst offenders because her involvement in drugs had begun only in the early 2000s after she suffered her own injuries in either a fall from steps or in a car accident. This court also found that "the trial court did not appear to consider Defendant's health problems and continuing substance abuse as mitigating factors but rather ignored the cause of her substance abuse and her attempts to get help for the problem." *LeBlanc*, 12 So.3d at 1134. This court then concluded that "[i]n cases where the offenders were guilty of driving intoxicated and causing accidents in which deaths resulted, and who were either first-time felony offenders or whose criminal history was minor, the sentences tended to be only one-half to three-quarters of the maximum sentences." *Id*.

On writs, the supreme court referred to Judge Amy's dissenting opinion on appeal wherein he noted that the defendant was under the influence of illegal controlled substances as well as prescription drugs at the time of the offense, leading him to "'differentiate the criminal aspect of the defendant's behavior from cases wherein the maximum sentence was found inappropriate for vehicular homicide defendants with elevated blood alcohol levels.'" *LeBlanc*, 41 So.3d at 1172 (quoting *LeBlanc*, 12 So.3d

at 1135). In light of the trial court's consideration of the defendant's flight from the scene and subsequent police pursuit, demonstrating a reckless disregard for life, Judge Amy found no abuse of discretion in the trial court's imposition of the maximum, hard labor sentence.

The supreme court then addressed the legislature's continuing reassessment of vehicular homicide and its reasons for upholding the maximum sentence:

> When the legislature first enacted the crime of vehicular homicide, 1983 La. Acts 635, the penalty it provided, a maximum of five years imprisonment, with or without hard labor, made the offense the equivalent of negligent homicide, a crime long punished by the same maximum sentence. La. R.S. 14:32. Within that range, maximum sentences of five years imprisonment were not uncommon for vehicular homicide, whether charged under La. R.S. 14:32 or La. R.S. 14:32.1. *See*, *e.g.*, *State v. Pelt*, 448 So.2d 1294 (La.1984); *State v. Daranda*, 398 So.2d 1053 (La.1981); *State v. Wilcoxon*, 26,126 (La.App. 2nd Cir.6/22/94), 639 So.2d 385, *writ denied*, 94-1961 (La.12/16/94), 648 So.2d 386; *State v. Wry*, 591 So.2d 774 (La.App. 2nd Cir.1991); *State v. Yates*, 574 So.2d 566 (La.App. 3rd Cir.1991), *writ denied*, 578 So.2d 131 (La.1991); *State v. Rock*, 571 So.2d 908 (La.App. 5th Cir.1990), *writ denied*, 577 So.2d 49 (La.1991); *State v. Williams*, 546 So.2d 494 (La.App. 4th Cir.1989), *writ denied*, 553 So.2d 470 (La.1989).

> Over the years, the legislature has steadily increased punishment for the crime, raising the maximum sentence to 15 years imprisonment in 1989 La. Acts 584, then to 20 years imprisonment, with or without hard labor, in 1999 La. Acts 1103, and thereafter, to its present maximum of 30 years imprisonment with or without hard labor. 2004 La. Acts 750. The legislature has since increased the mandatory minimum term of imprisonment from two to five years and increased the minimum term of parole disability from one to three years. 2006 La. Acts 294. The changes reflect the growing awareness in this state and elsewhere of the carnage caused by intoxicated drivers on the open road. *Cf. Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 451, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990)("No one can seriously dispute the magnitude of the drunken driving problem or the States' interest in eradicating it. Media reports of alcohol-related death and mutilation on the Nation's roads are legion.").

> The broader sentencing ranges provided for the offense over the years have provided trial courts with increased opportunities to exercise their discretion in individualizing punishment to the particular defendant and the particular circumstances of the case, within the general parameter, as recognized in the present case by both the trial court and court of appeal, that sentences at or near the maximum should ordinarily apply only to the most blameworthy offenders committing the most serious violations of the described offense. While comparisons with other similar cases "is useful in itself and sets the stage," [*State v.*] *Telsee*, 425 So.2d [1251 (La.1983)] at 1254, the focus of sentence review remains on the character and propensities of the offender and the circumstances of the offense. *Id.*

We agree with Judge Amy that because the circumstances of the present case so clearly demonstrate why the legislature has steadily increased punishment for the crime of vehicular homicide, the decision of where to place defendant's conduct on that broad sentencing continuum fell within the discretion of the trial court. It clearly appears from the record of sentencing that in determining the length of sentence, the trial court took into account the possibilities for early release on parole. The court specifically noted that because La. R.S. 14:32.1 requires that the offender serve at least three years imprisonment without benefit of parole, probation, or suspension of sentence, defendant would not be eligible for intensive incarceration and intensive parole supervision as a matter of R.S. 15:574.4.1. However, by imposing only the mandatory minimum three-year term of parole disability, although La. R.S. 14:32.1 permits a court to deny parole eligibility altogether, the court made possible for defendant to secure release on parole after serving one-third of her term, or 10 years at hard labor. R.S. 15:574.4(A). She also remains eligible to earn early release (as if on parole) on good time credits after serving 15 years of her sentence. La. R.S. 15:571.3(B)(1). The presentence report underscored these opportunities when, after recommending a maximum sentence, it reminded the court that "with the possibility of parole release, and guaranteed Good Time Release, the maximum thirty (30) year sentence is actually a fifteen (15) year sentence at best."

The availability of early release options is generally a relevant consideration in review of sentences for excessiveness. *State v. Green*, 418 So.2d 609, 616 (La.1982); *cf. Lockett v. Ohio*, 438 U.S. 586, 605, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978) ("A variety of flexible techniques-- probation, parole, work furloughs, to name a few--and various postconviction remedies may be available to modify an initial sentence of confinement in noncapital cases."). In the present case the availability of early release appears central to a determination that defendant's sentence appropriately serves the sentencing goals of deterrence, retribution and rehabilitation. *Cf. Ewing v. California*, 538 U.S. 11, 25, 123 S.Ct. 1179, 1187, 155 L.Ed.2d 108 (2003) ("A sentence can have a variety of justifications, such as incapacitation, deterrence, retribution, or rehabilitation.") (citation omitted). Defendant's sentence will require her to serve a substantial term of imprisonment at hard labor commensurate with the seriousness of her crime which resulted in the death of another human being. In this respect, the trial court did not err in declining to consider defendant's drug addiction as a circumstance militating for a lesser term of imprisonment because it encompassed not only the legal drugs prescribed to her by Dr. Khorsandi, which she clearly abused, but also the illegal controlled substances she had acquired from other sources and also abused during her self-confessed days-long cocaine binge before she plowed into the Hardy family vehicle. By defendant's own admission during the presentence investigation, her longstanding abuse of legal and illegal drugs had been punctuated by only a few, half-hearted attempts to receive treatment. Nor did defendant's guilty pleas to vehicular homicide and negligent vehicular injuring necessarily reflect an acknowledgment of the direct correlation between her drug abuse and the death of Mrs. Hardy or recognition of her own moral culpability. Defendant reaped considerable benefit from her plea bargain with the state, which reduced her sentencing exposure by nearly 20 years, and it was scarcely a reassuring sign of her potential for rehabilitation that in speaking to the probation officer after she entered her guilty pleas defendant attributed the fatal accident not to the

7

"cocktail" of drugs in her system but to a fight with her cocaine dealer who believed defendant had stolen some of her possessions.

At the same time, defendant's sentence also affords her incentives for rehabilitation within the prison system to take advantage of early release on parole. Even then, she will remain subject to continuing state supervision for the unexpired term of her sentence, La. R.S. 15:574.6, as a means of minimizing the risk that she may resume her abuse of legal and illegal drugs and once more pose a serious threat to social order. Given the existence of ameliorative alternatives and the extreme circumstances surrounding commission of the crime, we cannot agree with the court of appeal majority that the sentence imposed by the trial court, although the maximum penalty for the offense, "makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (internal quotation marks and citation omitted).

*Id.* at 1173-75.

In the instant case, the Defendant correctly asserts that he will be required to serve at least half of his thirty-year sentence due to his prior felony conviction, five more years than the defendant in *LeBlanc*. La.R.S. 15:574.4(A)(1). However, as in *LeBlanc*, the trial court imposed only the mandatory minimum five-year term of parole disability, allowing for the possibility of release on parole after serving one-half of his term or fifteen years. La.R.S. 15:574.4(A). As such, in light of *LeBlanc*, we find that the trial court did not err in refusing to consider in mitigation the Defendant's substance abuse. The Defendant will be required to serve a substantial prison term commensurate with the seriousness of the offense, which resulted in the death of two people. Also considering the reduction in total sentencing exposure as the result of concurrent sentences and the Defendant's prior criminal history of illegal drug possession, we find that the Defendant's sentences are not excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent concerning the Defendant's sentences.

The Defendant's sentences for vehicular homicide are illegally lenient. This court may recognize an illegally lenient sentence on its own. La.Code Crim.P. Art. 882

First, the trial court failed to impose a mandatory fine. The sentencing provision for vehicular homicide, La.R.S. 14:32.1(B), that was in effect when the offense was committed requires the imposition of a fine of not less than $2,000.00 nor more than $15,000.00, which was not imposed in this case. This court has recognized the trial court's failure to impose a mandatory fine as an error patent and has remanded the cases for rehearing. *State v. Major*, 03-249 (La.App. 3 Cir. 3/2/05), 898 So.2d 548, *writ denied*, 05-1716 (La. 2/10/06), 924 So.2d 161; *State v. Davis*, 05-1629 (La.App. 3 Cir. 5/3/06), 929 So.2d 841.

Additionally, the sentencing provision also requires the court to order participation in a court-approved substance abuse program, which was not imposed in this case. This court has also recognized that the trial court's failure to order a defendant to participate in a court-approved substance abuse program rendered the sentence illegally lenient. *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224.

Since the trial court is given discretion in assessing the amount of the fine imposed under La.R.S. 14:32.1, we remand this case for resentencing and the ordering of the Defendant to participate in a court-approved substance abuse program as outlined in this opinion. *See State v. Norris*, 36,614 (La.App. 2 Cir. 1/29/03), 837 So.2d 723, *writ denied*, 03-982 (La. 11/7/03), 857 So.2d 518.

Next, the minutes of sentencing are in need of correction. The sentencing transcript indicates the court imposed a sentence of thirty years at hard labor with the first five years to be served without benefit of probation, parole, or suspension of sentence *on each count* to run concurrently with each other and consecutive to any other sentence the Defendant is presently serving. The sentencing minutes do not accurately reflect the sentence imposed by the trial court:

> Court sentenced accused for HOMICIDE, VEHICULAR. HOMICIDE, VEHICULAR. Court sentenced accused to be committed to the Louisiana Department of Corrections. Accused to serve 030 Year(s). Sentence is to be served at Hard Labor. Sentence is to run concurrent. . . . The first five years are to be without benefit of probation, parole or suspension of sentence. . . . Sentence is to run consecutively with any other sentence presently serving.

9

"[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.  Thus, the trial court is instructed to amend the minutes of sentencing to correctly reflect the sentences imposed by the trial court.

**SENTENCE AFFIRMED IN PART; REMANDED FOR PARTIAL RESENTENCING AND AMENDMENT TO CORRECT MINUTES.**