STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-215

STATE OF LOUISIANA

VERSUS

NATHANIEL WAYNE CARMOUCHE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 314,389
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**Thibodeaux, Chief Judge, concurs and assigns reasons.**

**CONVICTIONS AND SENTENCES FOR AGGRAVATED RAPE AND SEXUAL BATTERY OF A VICTIM UNDER THIRTEEN YEARS OF AGE ARE AFFIRMED.**

**CONVICTIONS FOR AGGRAVATED INCEST AFFIRMED; REMANDED FOR RESENTENCING.**

**James C. Downs**
**District Attorney-Ninth Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**P. O. Box 3752**
**Lake Charles, LA 70602**
**(337) 502-5146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Nathaniel Wayne Carmouche**

**GREMILLION, Judge.**

Defendant, Nathaniel Wayne Carmouche, engaged in various sexual acts with his daughter, F.C., who was five years old at the time of the trial.[1] The State filed a bill of indictment charging Defendant with aggravated rape, a violation of La.R.S. 14:42; sexual battery of a victim under thirteen years of age, a violation of La.R.S 14:43.1(A)(2) and (C)(2); and two counts of aggravated incest, violations of La.R.S. 14:78.1. A jury found Defendant guilty as charged on all counts.

The trial court sentenced Defendant to life in prison for aggravated rape, twenty-five years at hard labor for sexual battery of a victim under thirteen years of age, and twenty-five years at hard labor for each count of aggravated incest. The sentences are to run concurrently.

Defendant now seeks review by this court, assigning a single error:[2] The trial court erred in permitting testimony regarding his other crimes or bad acts. For the following reasons, Defendant's convictions are affirmed.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is an error patent concerning Defendant's sentence for aggravated incest.

Defendant was charged with and convicted of two counts of aggravated incest. Both the court minutes of sentencing and the sentencing transcript reveal that a single sentence of twenty-five years was imposed for aggravated incest. At sentencing, after imposing the sentences for aggravated rape and sexual battery, the court imposed the sentence for aggravated incest as follows:

---

[1]Initials are used to protect the identity of the minor pursuant to La.R.S. 46:1844 (Z)(2).
[2]Defendant submitted a pro se brief on June 9, 2014, assigning three assignments of error. We decline to address these assignments of error as untimely.

Count III and IV, aggravated incest. The sentence of the Court is you're to serve 25 years at hard labor with the Louisiana Department of Corrections. Those 25 years are without benefit of probation, parole, or suspension of sentence. So – and all of those will run concurrent, Ms. Clerk.

This court has previously held that a separate sentence must be imposed for each count:

> Louisiana Code of Criminal Procedure Article 879 states, "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." Where the trial court has imposed one sentence for multiple counts, this court has previously set aside the defendant's sentence on those counts as indeterminate and remanded the case to the trial court for resentencing on each count. *State v. Monceaux*, 04-449 (La.App. 3 Cir. 10/20/04), 885 So.2d 670.

*State v. Grace*, 10-1222, p. 19 (La.App. 3 Cir. 4/6/11), 61 So.3d 812, 825-26, *writ denied*, 11-961 (La. 10/21/11), 73 So.3d 382.

Accordingly, Defendant's twenty-five year sentence for aggravated incest must be vacated and the case remanded for resentencing on each of the two counts of aggravated incest.

## ASSIGNMENT OF ERROR

In his lone assignment of error, Defendant argues that the trial court erred in permitting testimony regarding his other crimes or bad acts. Generally, such evidence is barred by La.Code Evid. art. 404(B)(1), which states in pertinent part:

> Except as provided in Article 412 [rape shield law], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

However, La.Code Crim.P. art 412.2(A) states:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

Defendant argues that State witness Jessica Briley, an adult, should not have been allowed to testify regarding an incident in which she alleged Defendant drove next to her as she was walking, initiated a sexually-suggestive conversation, and masturbated in her view. On appeal, Defendant claims it was error for the trial court to allow this testimony, citing *State v. Hatcher*, 372 So.2d 1024 (La.1979), and *State v. Pollard*, 98-1376 (La.App. 4 Cir. 2/9/00), 760 So.2d 362.

Based on *Hatcher* and *Pollard*, Defendant first argues it is "questionable" whether there was clear and convincing evidence that this incident occurred. However, this court has ruled that clear and convincing evidence is not required; instead, a preponderance of the evidence standard applies. *State v. Cash*, 03-853 (La.App. 3 Cir. 12/10/03), 861 So.2d 851, *writ denied*, 04-27 (La. 4/30/04), 872 So.2d 472, *and writ denied*, 04-232 (La. 5/7/04), 872 So.2d 1080. Further, a single witness may establish preponderance of the evidence. *Motors Ins. Co. v. Marquette Cas. Co.*, 162 So.2d 47 (La.App. 1 Cir.), *writ refused*, 246 La. 79, 163 So.2d 357 (La. 1964). Additionally, the testimony of a single witness may support a finding of guilt, even in the context of the higher reasonable-doubt standard. *See State v. Bright*, 98-398 (La. 4/11/00), 776 So.2d 1134, *writ granted*, 03-2796 (a. 1/30/04), 864 So.2d 638, *reversed on other grounds*, 02-2793, 03-2796 (La. 5/25/04), 875 So.2d 37.

Further, a trial court's decision regarding admissibility is subject to a deferential standard of analysis:

> It is the responsibility of the court to exercise reasonable control over the presentation of the evidence. The trial court is left with wide discretion as to the admissibility of evidence under pertinent evidence rules. The decision of the trial court will not be overturned absent a clear abuse of discretion by the trial judge. Accord, *State v. Prudholm*, 446 So.2d 729 (La.1984); *State v. Brown*, 527 So.2d 12 (La.App. 3d Cir.1988).

*State v. Clay*, 576 So.2d 1099, 1101 (La.App. 3 Cir.), *writ denied*, 580 So.2d 669 (La.1991).

At the pretrial hearing held on September 9, 2013, the following colloquy occurred:

MR. WILLSON [prosecutor]:

> That's correct, Judge. And that's, one of the -- and that's contained in the confession that we introduced ...

THE COURT:

> Yeah.

MR. WILLSON:

> ... where he admits to doing that with this victim. And it's almost identical. The difference is you've got an older victim. We think that, that juvenile offenses are admissible because of the age of the victim -- one, this began when they were six and one began when they were ten -- eight or ten. I think they're signature crimes. The only difference is one was his sister; this is his daughter.

THE COURT:

> And this other one is, uh, identical to what he stated in his statement to the police.

MR. WILLSON:

> Right. That's what Detective Hebb was here for. She took the confession from him and he confessed to doing that, uh, very thing -- well. There were a couple of slight differences.

4

He actually – this, with this victim he indicates in his confession that he had her masturbate him. And the Grant Parish documents indicate that he did that in front of a victim. The victim is here to testify. They're outside the courtroom.

MR. KUTCH [defense counsel]:

The victim in there was over the age of 21. I think that is the significance difference in and of itself. Now, one year before this ...

. . . .

THE COURT:

I'm not concerned about the ages of the victim. I'm concerned about his behavior and if that behavior is evidence to show that he had knowledge of what he was doing, a system, and intent or lustful disposition.

MR. KUTCH:

It is a lustful disposition towards underage children.

. . . .

THE COURT:

Well, the first motion involving the juvenile, that's obviously, admissible because it shows his lustful disposition of a juvenile, and also, knowledge, system, scheme, and intent on his part and habit under 404(b). The second matter involving the lady, February of 2010, Jessica Briley, um, I think its admissible for the same reason except for lustful disposition. So I would allow both of those previous crimes. Remind me I need to give a limiting instruction to the jury.

Louisiana Code of Criminal Procedure Article 412.2 presents a relaxed standard for admissibility in sexual assault cases. This court has discussed the article at some length:

The purpose of the newly enacted Article 412.2 was discussed by the Louisiana Supreme Court at length in *State v. Williams*, 02-1030 (La.10/15/02), 830 So.2d 984. The issue in *Williams*, however, was whether for the purpose of Article 412.2, a hearing was required by *State v. Prieur*, 277 So.2d 126 (La.1973). Historically, evidence of

5

prior bad acts (propensity evidence) were inadmissible to show that the accused more than likely acted in conformity therewith. The *Williams* court found as follows:

> The transcript of the committee hearing reveals that Act 1130 was prompted primarily by two decisions of this Court, *State v. McArthur*, 97-2918 (La.10/20/98), 719 So.2d 1037, and *State v. Kennedy*, 2000-1554 (La.4/3/01), 803 So.2d 916. Both cases involved prosecutions for aggravated rape in which the state sought to introduce evidence of other sexual offenses committed by the defendants pursuant to what the state labeled a "lustful disposition" exception to other crimes evidence. In both cases, this Court refused to recognize the so-called "lustful disposition" exception to Article 404's other crimes prohibition, but, in doing so, noted that the evidence sought to be introduced would be admissible if Louisiana had a rule similar to Federal Rule of Evidence 413. The enactment of Article 412.2 was apparently the legislature's response to this Court's statements in *McArthur* and *Kennedy* as the language of Article 412.2 closely follows that of Federal Rule of Evidence 413. However, one distinction exists between the federal rule and the Louisiana rule. Federal Rule of Evidence 413 provides that the "defendant's commission of another offense or offenses of sexual assault **is admissible**, and may be considered for its bearing on any matter to which it is relevant." Conversely, Louisiana's counterpart, Article 412.2 provides that the evidence. "**may be admissible** . . . subject to the balancing test provided in Article 403." Although the legislature opted not to make the evidence automatically admissible, it nonetheless determined evidence of past sexual behavior of an accused should not be totally foreclosed to the state. Prior to Article 412.2, evidence pertaining to other crimes in sexual assault could only be admitted under the limited exceptions of 404(B). The committee minutes indicate the senators were concerned with the defendant's right not to be ambushed with evidence of prior sexually deviant behavior, but were even more concerned regarding the increase in sexual assaults on minors. In an attempt to balance the latter concerns, the committee inserted language into the final draft of the bill, which is in the current statute, requiring the state to provide "reasonable notice" to the defendant regarding the information to be introduced. The committee elected to insert this notice requirement, but did not insert a requirement that a hearing be held. La.Code Evid. art. 412.2 does not contain any language requiring a hearing.

> The only requirement contained within the statute is that the evidence be deemed admissible pursuant to La.Code Evid. art. 403. As we stated in *McArthur* and reiterated in *Kennedy,* we desist from the "exhortation to legislate when our legislature has chosen to leave the law as written."

*Id*. at 988-89. (Footnotes omitted; emphasis as found in the original.)

*State v. Brown*, 03-1747, pp. 12-13 (La.App. 3 Cir. 5/12/04), 874 So.2d 318, 326-327, *writ denied*, 04-1413 (La. 11/8/04), 885 So.2d 1118.

The State cites a 2011 supreme court case which reversed this court's ruling regarding the application of La.Code Crim. P. art 412.2. The victim was a female under seventeen, and "other crimes evidence" regarding a male over seventeen was admitted trial. The supreme court explained:

> [I]n enacting Article 412.2, the Legislature did not see fit to impose a restriction requiring such evidence to meet a stringent similarity requirement for admissibility. We have previously examined the legislative history behind the Article in *State v. Williams*, 02-1030 (La.10/15/02), 830 So.2d 984. In *Williams*, this Court noted the enactment of the Article was prompted primarily by two decisions of this Court, *State v. McArthur*, 97-2918 (La.10/20/98), 719 So.2d 1037, and *State v. Kennedy*, 00-1554 (La.4/3/01), 803 So.2d 916. Both cases involved prosecutions for aggravated rape in which the State sought to introduce evidence of other sexual offenses committed by the defendants pursuant to what the State labeled a "lustful disposition" exception to other crimes evidence. In both cases, this Court refused to recognize the so-called "lustful disposition" exception to Article 404's other crimes prohibition, but, in doing so, noted that the evidence sought to be introduced would be admissible if Louisiana had a rule similar to Federal Rule of Evidence 413. This Court stated "the enactment of Article 412.2 was apparently the legislature's response to this Court's statements in *McArthur* and *Kennedy* as the language of Article 412.2 closely follows that of Federal Rule of Evidence 413." *Williams*, 830 So.2d at 986. Thus, Article 412.2 was enacted to loosen restrictions on "other crimes" evidence, and to allow evidence of "lustful disposition" in cases involving sexual offenses.
>
> . . . .
>
> We also do not find the evidence to be so prejudicial as to warrant exclusion under La. C.E. art. 403. La. C.E. 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." Regarding the proper balancing between the probative value of evidence and its prejudicial effect required by Article 403, this Court has explained:

> Any inculpatory evidence is "prejudicial" to a defendant, especially when it is "probative" to a high degree. As used in the balancing test, "prejudicial" limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.

*State v. Rose*, 06-0402 (La.2/22/07), 949 So.2d 1236, 1244 (internal citations removed).

> The court of appeal concluded that any probative value of this evidence was far outweighed by the danger this evidence would unfairly prejudice defendant in the eyes of the jury leading it to render a guilty verdict because of the prior acts, rather than on the strength of the evidence of the offense for which he was charged. The court found the evidence was impermissibly introduced to attack the defendant's character. We disagree. Considering the purpose behind Article 412.2, we find the evidence was properly admitted by the trial court. We do not find the admission of this evidence alone could "lure" the jury into finding defendant guilty of the charged incest with his son. Moreover, any possible prejudice resulting from the introduction of evidence of BC's age certainly pales in comparison with evidence regarding defendant's extremely violent treatment of BC. Given the evidence of defendant's violent nature, his violence towards BC, and evidence of his prior conviction for domestic battery of his first wife, we do not find evidence of BC's age to be overly prejudicial.

*State v. Wright*, 11-141, pp. 12-15 (La. 12/6/11), 79 So.3d 309, 317-19 (footnotes omitted).

In *Wright*, the victim and the victim of the "other crime" were both adolescents who lived under the same roof with the defendant. Although the present case could be distinguished, since the other bad act at issue involves an

adult having no other association with Defendant or the victim, the State's evidence in the present case is strong enough that any error would be harmless.

The jury viewed a video of the young victim in which she recounted that Defendant touched her "bad part" and "bootie" with his "bad part" or "bad spot," and that she put her mouth on his "bad part" and that a bad-tasting substance came out of it. She indicated on diagrams that "bad part" or "bad spot" referred to their genitalia. Also, in an interview with a detective, Defendant admitted having the victim masturbate him. Further, the jury heard a different set of "other crimes" evidence that Defendant does not challenge on appeal. A statement Defendant made during an earlier investigation showed that when he was fifteen years old, he engaged in sex acts with his two sisters. At the time, one sister was thirteen years old and the other sister was eight. Also, unlike *Brown*, the present case lacks any indication that the jury was confused or had difficulty reaching its verdict. Further, the *Pollard* case relied on by Defendant predates the adoption of La.Code Evid. 412.2. Thus, even if error occurred in the present case, it was harmless.

## DECREE

Defendant's convictions and the sentences for aggravated rape and sexual battery of a victim under thirteen years of age are affirmed. Defendant's twenty-five year sentence for aggravated incest is vacated and the case is remanded for resentencing on each of the two counts of aggravated incest.

**CONVICTIONS AND SENTENCES FOR AGGRAVATED RAPE AND SEXUAL BATTERY OF A VICTIM UNDER THIRTEEN YEARS OF AGE ARE AFFIRMED.**

**CONVICTIONS FOR AGGRAVATED INCEST AFFIRMED; REMANDED FOR RESENTENCING.**

9

STATE OF LOUISIANA

VERSUS

NATHANIEL WAYNE CARMOUCHE


**THIBODEAUX, Chief Judge, concurring.**


While I agree with the result reached by the majority, the "other crimes" evidence should not have been allowed because of the age disparity of the victims. However, the admission of this evidence was harmless.