NOT DESIGNATED FOR PUBLICATION

COURT OF APPEAL, THIRD CIRCUIT

15-264

STATE OF LOUISIANA

VERSUS

NATHANIEL WAYNE CARMOUCHE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 314,389
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

SENTENCES AFFIRMED;
MOTION TO WITHDRAW GRANTED;
AND REMANDED WITH INSTRUCTIONS.

**Phillip Terrell**
**District Attorney**
**Thomas R. Willson**
**Assistant District Attorney**
**Ninth Judicial District**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Nathaniel Wayne Carmouche**

**PETERS, J.**

This appeal marks the second time this matter has been before this court. On September 17, 2013, a jury convicted the defendant, Nathaniel Wayne Carmouche, of aggravated rape, a violation of La.R.S. 14:42; sexual battery of a person under the age of thirteen years, a violation of La.R.S. 14:43.1(A)(2); and two counts of aggravated incest, violations of La.R.S. 14:78.1.[1] On October 11, 2013, the trial court sentenced the defendant to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence for the aggravated rape conviction; twenty-five years imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence for the sexual battery conviction; and twenty-five years at hard labor, without the benefit of parole, probation, or suspension of sentence for the aggravated incest conviction[s]. The trial court ordered that all of the sentences run concurrent to one another.

On appeal, this court affirmed the convictions and the sentences imposed for the aggravated rape and sexual battery convictions but remanded the matter to the trial court for resentencing on the two aggravated incest convictions. *State v. Carmouche*, 14-215 (La.App. 3 Cir. 7/30/14), 145 So.3d 1101, *writ denied*, 14-1819 (La. 4/2/15), ___ So.3d ___. In remanding the matter, this court concluded that the trial court had failed to specifically sentence the defendant on *each count* of the two counts of aggravated incest.

On December 4, 2014, and in compliance with the order of remand, the trial court resentenced the defendant on the two aggravated incest convictions by ordering that he serve twenty-five years at hard labor on each count, with both sentences to be served without benefit of parole, probation, or suspension of

---

[1]Louisiana Revised Statute 14:78.1 has subsequently been repealed and re-enacted as a provision of La.R.S. 14:89.1. *See* 2014 La. Acts No. 602, § 7; 2014 La. Acts No. 602, § 4. Additionally, the crime of "aggravated incest" has been renamed "aggravated crime against nature."

sentence and concurrent to each other and the sentences for aggravated rape and sexual battery. The defendant then filed the appeal now before us.

On appeal, the defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), asserting that no non-frivolous issues exist on which to base an appeal and seeking to withdraw as the defendant's counsel. In doing so, the defendant's appellate counsel noted that neither the defendant nor his trial counsel sought reconsideration of the sentences imposed on the two aggravated incest charges, and a review of the record reveals no non-frivolous issues that would form the basis of an appeal. On the other hand, the defendant filed a pro se brief asserting as an assignment of error that the trial court lacked jurisdiction to try him for the previously affirmed aggravated rape charge. Finding merit in the appellate counsel's argument and no merit in the defendant's assignment of error, we affirm the sentences imposed by the trial court on the two aggravated incest convictions and grant the appellate counsel's request to withdraw as counsel of record for the defendant. However, we do find, as an error patent pursuant to La.Code Crim.P. art. 920, that the trial court minutes require amendment.

## *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury

composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for the defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief "must 'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

The defendant's appellate counsel correctly notes that the defendant's convictions have already been affirmed on all counts as have his sentences for his convictions of aggravated rape and sexual battery. Therefore, none of those matters are at issue in this appeal. Additionally, the defendant's appellate counsel's analysis correctly notes that it was appropriate for the defendant to be resentenced under La.R.S. 14:78.1 as it stood at the time the defendant committed the crimes. *See State v. Narcisse*, 426 So.2d 118 (La.1983), *cert. denied*, 464 U.S.

3

865, 104 S.Ct. 202 (1983); *State v. Paciera*, 290 So.2d 681 (La.1974); La.R.S. 24:171. Finally, the defendant's appellate counsel correctly notes that while represented by counsel during sentencing on remand, the defendant never objected to his sentence, nor did he file any motion for reconsideration of the sentences imposed.

This court also notes that the evidence presented at trial establishes that the victim of the aggravated incest offenses was born on July 24, 2008; the defendant was born on December 9, 1984; and the offenses occurred between January 1, 2012 and January 31, 2013. That being the case, the victim was between three and four years old and the defendant was between twenty-seven and twenty-eight years old at the time the offenses were committed. Thus, the state met its burden of establishing the aggravating factors required to trigger the enhanced penalty under former La.R.S. 14:78.1(D)(2), and the defendant's concurrent twenty-five year sentences represent the mandatory minimum he could receive. These established facts make any claim of excessive sentence frivolous.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including the pleadings, minute entries, the charging instrument, and the transcripts. Our review has revealed no issues that would support an assignment of error on appeal. Therefore, we affirm the imposed sentences and grant appellate counsel's motion to withdraw.

## PRO SE ASSIGNMENT OF ERROR

The original grand jury indictment charged the defendant with aggravated rape along with the other offenses forming the basis of his convictions. However, subsequent to charging the defendant with aggravated rape, the state filed a motion to amend the bill of indictment to change that charge to a second count of sexual

4

battery of a person under the age of thirteen years, a violation of La.R.S. 14:43.1(A)(2). The trial court granted that motion, but three days later, the state filed a motion to withdraw that amendment and reinstate the aggravated rape charge. The trial court granted that motion as well. The end result was that the defendant went to trial on the same charges set forth in the original bill of indictment.

The state's actions in amending the aggravated rape charge and then reinstating that charge is what forms the basis of the defendant's assignment of error in this appeal. The defendant asserts that because the state reinstated the aggravated rape charge without bringing the matter back before the grand jury, the trial court lost its jurisdiction to try him for aggravated rape.

We find that this issue is not properly before us, as this court has already affirmed the defendant's conviction and sentence on the aggravated rape charge on direct appeal. *Carmouche*, 145 So.3d 1101. The only matter now before this court is the defendant's resentencing on the two counts of aggravated incest. Therefore, we do not consider this assignment of error.

### ERRORS PATENT ANALYSIS

With regard to the required amendment to the trial court minutes, we note that on remand, the trial court clearly imposed a twenty-five year hard labor sentence, without benefit of parole, probation, or suspension of sentence, on *each* of the defendant's two convictions for aggravated incest. Further, the trial court ordered that the defendant have no contact with the victim of the crimes while incarcerated. However, the court minutes read as follows, only recognizing the trial court's imposition of sentence as to one count of aggravated incest:

> Court sentenced accused for INCEST AGGRAVATED. INCEST
> AGGRAVATED. Court sentenced accused to be committed to the

Louisiana Department of Corrections. Accused to serve 025 Year(s). Sentence is to be served at Hard Labor. Sentence is to run concurrent. Sentence to be without benefit of parole. Sentence is to be without benefit of Probation. Sentence is to be without benefit of Suspension of Sentence. Credit for time served. Court orders that all sentencing in this case is to run concurrent. Court orders that the defendant is to have any contact with F.C., the victim in this case, while in jail.

"[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Additionally, when the trial court minutes and the transcript conflict, this court may order the trial court to correct the inaccurate minutes. *State v. Deville*, 11-88 (La.App. 3 Cir. 10/5/11), 74 So.3d 774. In this matter, we remand the matter to the trial court with instructions to correct the sentencing minutes to accurately reflect that it imposed a twenty-five year hard labor sentence without benefits on *each* count of aggravated incest and that it ordered on *each* count that the defendant not have any contact with the victim while incarcerated.

### DISPOSITION

For the foregoing reasons, we affirm the sentences imposed on the defendant for the two counts of aggravated incest and grant the defendant's appellate counsel's motion to withdraw from representing the defendant. We remand this matter to the trial court with instructions to correct the trial court minutes to correspond with the trial transcript.

**SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.